C. C. SHEPHERD and others v. E. MURRILL, Sheriff.

*Homestead and Personal Property Exemption.*

A debtor has the right at any time before sale under execution to demand that his personal property exemption be laid off. A failure to make such demand at the time of the levy does not operate a waiver of such right.

APPEAL from a judgment of a justice of the peace heard at Fall Term, 1883, of JONES Superior Court, before *Philips, J.*

The action is to recover the value of one bale of cotton sold by the defendant, sheriff of Onslow county, under an execution issued to enforce the payment of a debt contracted in 1880, without having allotted to the plaintiff his personal property exemption.

The plaintiff testified that on the day of the levy of the execution the defendant came to his house and informed him of the execution and inquired if he would pay it, which he refused to do. The defendant then asked if he did not have a bale of cotton at a certain gin, and the plaintiff said he did, and the defendant said he would have to levy upon and sell it; to which the plaintiff replied, "if you levy upon my bale of cotton, I'll sue you." The defendant left, and soon afterwards, on the same day, went to the gin and levied upon the cotton. On the next day the plaintiff saw the defendant and asked him by what authority he took the cotton, and the defendant said, "by authority of this execution." The plaintiff then said, "if you sell my bale of cotton, I'll sue you."

The plaintiff did not then demand that his personal property exemption be laid off, but sought the advice of an attorney, and on the day of sale, but before the sale took place, he handed to the defendant a written demand, drawn by his attorney, for an allotment of his personal property exemption, and was told by the defendant that "it was too late." The defendant sold the cotton for $42. The plaintiff did not own $500 worth of personal property.

The defendant testified that the judgment against the plaintiff was to enforce a claim for labor done in repairing a certain boat upon which it was declared to be lien, and in pursuance of the terms of a prior execution he had levied on and taken possession of the boat, but before the sale thereof it was stolen; that when he received the execution under which the cotton was sold, he went to plaintiff's house and said to plaintiff, among other things, that he had a bale of cotton at the gin. The further testimony of the witness, in reference to the demand and sale, does not materially differ from that of the plaintiff.

The defendant insisted that plaintiff should have demanded his exemption at the time of levy or within a reasonable time thereafter, before the day of sale; that plaintiff had waived his right to the same, and asked the court so to instruct the jury, which was refused—the court telling the jury there was no evidence of a waiver. Defendant excepted. Verdict and judgment for plaintiff; appeal by defendant.

*Mr. S. W. Isler*, for plaintiff.
*Messrs. Nixon, Simmons & Manly*, for defendant.

MERRIMON, J. The defendant insisted that the plaintiff ought to have demanded that his personal property exempt from execution should be appraised and laid off to him at the time of the levy upon his property, or within a reasonable time thereafter, before the day of sale; and that inasmuch as he did not make such demand until the day of sale, he had waived his right to make it.

The court held that there was no such waiver, and we concur in its judgment.

The constitution provides that, "the personal property of any resident of this state, to the value of five hundred dollars, to be selected by such resident, shall be, and is hereby exempted from sale under execution, or other final process of any court, issued for the collection of any debt." Art. X, §1.

14

The statute giving practical effect to this provision of the constitution provides that, " whenever the personal property of any resident of this state shall be levied upon by virtue of any execution or other final process, issued for the collection of any debt, and the owner, or any agent or attorney in his behalf, shall demand that the same, or any part thereof, shall be exempt from sale under such execution, the sheriff or other officer making such levy shall summon three appraisers," &c., to appraise and lay off the exempted property.    THE CODE, §507.

There is here no provision in terms or effect, that makes it imperative on the execution debtor to demand the appraisement and laying off of the exempted property ; nor is there anything in the nature of the demand or the duty of the officers charged with the execution in relation thereto, that renders it necessary that it shall be made before the day of sale.

The complete capacity to make the allotment would always remain until the day of sale, and we can see no reason, certainly no substantial reason, why it might not be done on the day of the levy, or on any day before the sale, or on that day. It might happen that the execution debtor could not make the demand earlier than the day of sale.    He might be absent at the time of the levy, and a variety of circumstances might exist that would reasonably delay the demand.    The language of the statute is "whenever the personal property of any resident of this state shall be levied upon," &c., that is, at any time, while it is levied upon, and the levy continues to the day of sale.

The law favors the homestead and the personal property exemption, and gives all reasonable opportunity for the assertion of the right thereto ; and statutes must be liberally construed to this end.    These exemptions are not intended simply to serve the noble purpose of beneficence toward the needy and unfortunate, but as well the greater purpose of government in identifying every family, every citizen, as much as practicable, with the soil of the state, thus giving greater strength, permanency and dignity to citizenship, and enhancing the power and greatness of the state.

It is wise policy in government to identify its people with its soil and establish permanent homes for families and individuals. This is essential to a steady, orderly and reliable population, and the accumulation of wealth, power and respectability.

These exemptions have been deemed so important as to be made a feature in the government of the state.

They are established and protected by constitutional provisions, and the statutes in execution of these provisions are thorough and strict in their details, imposing heavy penalties and liabilities upon such officers as neglect or refuse to discharge their official duties in regard to them.

We cannot doubt that a just construction of the statute gives the execution debtor the right, at any time, after the levy upon his property and before the sale thereof, to demand that his personal property exemption shall be ascertained.

In this case, it is very apparent that the plaintiff did not intend to waive his right. He repeatedly notified the sheriff, that if he sold his cotton he would sue him, and at last consulted legal counsel as to his rights, and under advice, gave the sheriff written notice of his demand.

The court properly refused to give the jury the instructions prayed for. In this there is no error, and the judgment must be affirmed.

No error. Affirmed.