WILLIAM CAMPBELL v. B. F. WHITE.

*Personal Property Exemption.*

1. A debtor is entitled to $500 of personal property, as a personal property exemption, and when this amount has been once allotted, and has been diminished by use, loss or other cause, the debtor has a right to have any other personal property he may have exempted, up to the prescribed limit.

(*Citizens Bank* v. *Green*, 78 N. C., 247 ; cited and approved.)

CIVIL ACTION, tried before *Clark, Judge,* at October Term, 1886, of NEW HANOVER Superior Court.

The plaintiff caused execution to issue upon a docketed judgment in the Superior Court, upon which personal property of the value of $500 was laid off to the defendant, and the sheriff made return of a levy upon what was found in excess. Some two weeks afterwards, on July 27th, 1886, upon affidavit, made under §488, par. 2 of The Code, the clerk issued notice to the defendant, requiring him to appear at a time and place specified, for examination in regard to his property, and to show cause why a receiver thereof should not be appointed, and meanwhile to desist from making any disposition thereof.

Upon the hearing before the clerk, the plaintiff's counsel moved to subject all the estate of the debtor, outside of that exempted and allotted to him, to the payment of the execution, which was refused, the clerk "being in doubt as to whether the defendant is entitled to the choses in action, in addition to his former exemptions," so as to run up the aggregate value to the limit fixed by law, and a receiver was appointed to take charge of the property.

Upon the appeal by the plaintiff to the Superior Court, it was adjudged that the personal property collected by the receiver appointed in this cause, shall be held by the Court,

subject to the application of the defendant to have so much thereof laid off to him as a personal property exemption, as will make his exemption up to $500, and that the surplus thereof shall be paid by said receiver to the plaintiff, to be applied to the satisfaction of plaintiff's execution.

From this ruling the plaintiff appealed, and brings up for review, the question, whether a judgment debtor can claim, *toties quoties,* as exempt, the full measure allowed by law, against every final process.

No counsel for the plaintiff.
*Mr. Bellamy,* for the defendant.

SMITH, C. J. (after stating the facts). The words of the Constitution, that personal property of the value of $500, and belonging to any resident, "shall be, and is hereby exempted from sale under execution or other final process of any court, issued for the collection of any debt," (Art. 10, §1), is a continual mandate to the officer to leave so much of the debtor's personal estate untouched for his use, and of course, the diminution from use, loss, or other cause, must be replenished with other, if the debtor has such, up to the prescribed limits. It is plainly meant that when any final process against the debtor's estate is to be enforced, that much of his estate must be allowed to remain with him, as not liable to seizure.

"The law," in the language of this Court, in *Citizens Bank* v. *Green,* 78 N. C., 247, "is aimed at the creditor only, and it is upon him that all the restrictions are imposed; and the extent of these restrictions is the measure of the privileges secured to the debtor; and these restrictions imposed on the creditor, are that *in seeking satisfaction of his debt, he shall leave to the debtor, untouched,* $500 *of his personal, and* $1,000 *of his real estate.*"

There is no error.

No error.                                        Affirmed.