CHEMICAL CO. v. SLOAN.

(Filed October 4, 1904).

EXEMPTIONS—*Attachment.*

> In an attachment the defendant is entitled to claim his exemptions out of the attached property at any time before it is appropriated to the payment of the debt.

ACTION by the Virginia-Carolina Chemical Company against Frank Sloan; heard by *Judge G. S. Ferguson,* at March Term, 1904, of the Superior Court of DUPLIN County. From a judgment for the defendant, the plaintiff appealed.

*Grady, Herring & Ward* and *Carleton & Williams,* for the plaintiff.
*Stevens, Beasley & Weeks,* for the defendant.

WALKER, J. This action was brought to recover money, the proceeds of the sale of certain fertilizers, alleged to have been unlawfully converted by the defendant, a resident of this State, as agent of the plaintiff. The latter sued out an attachment upon the allegation in its affidavit that the defendant had not only converted the money, but that he had attempted to dispose of his property and was about to dispose of and secrete the same with the intent to defraud the plaintiff and his other creditors. The attachment was levied on personal property of the defendant, the value of which was less than $500. The property so attached being perishable was sold by the sheriff under an order of the Court, and the sheriff now holds in his hands the proceeds of the sale subject to the further order and direction of the Court. The defendant claims his exemption out of the

money so held by the sheriff. The plaintiff resists the claim upon the ground that the demand for the allotment of the exemption was not made until after the sale. The Court found that the demand was made in apt time (which was not a finding of fact but a conclusion of law), but it is also found as a fact that the defendant again demanded that his exemption should be set apart to him out of the fund in the sheriff's hands. The Court ordered the allotment to be made by the sheriff and the plaintiff excepted and appealed. The defendant moved to vacate the attachment but the Court denied the motion. There has been no judgment in the case and consequently no order directing the application of the money to the payment of the plaintiff's claim.

We do not see why the defendant is not entitled to his exemption upon the foregoing facts. The Constitution exempts the personal property of any resident of this State to the value of $500 from sale under execution or other final process. This language is too plain and explicit for any possible misunderstanding of its meaning. It is only when the property is about to be subjected to the payment of a debt by final process that the last opportunity is left to the defendant to claim his exemption. At any time before this stage of the proceeding is reached, he may make his demand and become entitled to an allotment of the exemption. This is perfectly clear without light upon the subject from any of the authorities. A warrant of attachment is mesne process and is nothing more than a provisional remedy. It is ancillary to the relief sought in the principal action and is intended to preserve the property, or its proceeds if it has been sold as perishable, in the hands of the sheriff or in the custody of the law to abide the event of the suit. The defendant may demand his exemption when the warrant is levied on his property and it is taken out of his possession, or he may wait until the final process is issued and the prop-

erty is about to be appropriated by sale to the satisfaction of the same. *Shepherd v. Murrill,* 90 N. C., 208. The law is thus stated in *Gamble v. Rhyne,* 80 N. C., 183: "When the execution came to the hands of the sheriff, the debtor, being a resident of the State, had the same right of exemption, although there had been a warrant of attachment, as he would have had in case there had been no attachment." That the defendant is entitled to have an allotment of his exemption, if he so elects, from the personal property in the possession of a sheriff who holds it by virtue of a levy under a warrant of attachment, has been settled by the decisions of this Court for many years. *Comrs. v. Riley,* 75 N. C., 144. In that case the attachment was vacated because the property seized under it did not exceed in value $500, and *Justice Settle,* who wrote the opinion, states forcibly and conclusively the reason of the law by putting this question: "Can a party, who proceeds by attachment, place himself in a better position than one who sues regularly in the courts and obtains a judgment and takes out execution thereon? The answer obviously is, he cannot."

The ruling of the Court below was correct.

No Error.