GARDNER & CLARK ET AL. v. B. L. McCONNAUGHEY.

(Filed 20 December, 1911.)

1. Exemptions — Personalty — Report of Appraisers — Specific Articles.

When there has been a failure to levy under an execution on the property of a judgment debtor, a report of the jury of appraisers to set aside his personal property exemption will be void which does not set aside to him specifically the articles his exemption gives him, or allow him an opportunity to select the articles. Revisal, sec. 695.

2. Same—Property Exempt—Levy—Time of Sale.

The judgment debtor is entitled to have his exemption in personal property ascertained up to and just before the process of execution under the judgment is executed by a sale, and to select the articles as provided by statute; and, therefore, when a report of the jury of assessors has been declared void and another allotment is ordered to be made, it is error to include in the reallotment articles of personalty which the judgment debtor may have consumed since the allotment under the void report. The distinction pointed out when a homestead is allotted under Revisal, secs. 687 and 692, by CLARK, C. J.

APPEAL by defendant from *Lane, J.,* at June Term, 1911, of BURKE.

The facts are sufficiently stated in the opinion of the Court by *Mr. Chief Justice Clark.*

*J. T. Perkins and S. J. Ervin for plaintiffs.*
*Spainhour & Mull for defendant.*

CLARK, C. J. Execution having been issued upon a judgment taken before a justice of the peace, the sheriff, without levying upon the personal property of the defendant, summoned a jury of appraisers, who filed an itemized valuation of such property amounting to $740.62, and reported that, after deducting the $500 personal property exemption, the defendant possessed $240.62 of property which was subject to sale of execution, but without specifying and setting apart the articles which should be exempt from sale under the execution, as required by Revisal,

697. The defendant filed exceptions to the report of the apprais-
ers as provided by Revisal, 699. At the term of the Superior
Court next ensuing, the defendant moved to set aside the report
of the appraisers as void, because it did not appear from the
face thereof that there was any allotment of the articles set apart
to the defendant as required by Revisal, 697.

The court refused to set aside the report and directed the
matter to be rereferred to the appraisers to specify the articles
to be allotted to the defendant, and refused to direct that the
allotment should be made out of articles possessed by the defend-
ant at the time of said allotment. The ruling of the judge was
in effect that the defendant should take as a part of the allot-
ment the articles of personal property which should have been
consumed since the·first assessment.

The report was void, because there were no articles specifically
allotted to° the defendant as his exemption, as required by
Revisal, 695. The judge further erred in directing that the
defendant should be charged with the articles which had been
consumed or otherwise disposed of since the assessment, and
also ignored the fact that other articles may have increased or
depreciated in value since that date.

In *Pate v. Harper,* 94 N. C., 23, it was said: "We think the
debtor is entitled to have his exemption ascertained up to and
just before the process is executed by a sale. While the process
is in the officer's hands in full activity the preliminary action
of the appraisers is not conclusive, but remains *in fieri,* capable,
at their instance, under the call of the officer, at least of correc-
tion and amendment. If property has been omitted which ought
to have been put on the list, but was not known at the time to
belong to the debtor, this could be done. The appraisers ought
also to have the power, and we think do have it, to enlarge the
exemption, so that none which should be exempt shall be sold
from him. The mandate of the statute is that the officer shall
make his levy upon the entire personal estate subject to seizure
under execution, but, *before he sells,* to have so much of it set
apart for the debtor, within the limit of value, as he may select,
and when insufficient, all being below the value, such selection
is unnecessary."

In *Jones v. Alsbrook,* 115 N. C., 46, the Court quotes the above, and adds that the judgment debtor is entitled up to the last moment to have his exemption set apart before the sale, and that the same right belongs to the judgment creditor.

There having been no levy, and the allotment not having been made at all, and it not appearing that the defendant was given the opportunity to select the articles, the report was fatally defective and should have been set aside.

It should be noted that there is a material difference between the allotment of the homestead under Revisal, 687, which must be done "before levying upon the real estate," and as to which the levy must be only upon the excess (Revisal, 692), and the allotment of the personal property exemption, for the personal property must be levied upon, that is, taken in possession by the officer, and the personal property exemption is then allotted in the manner provided by Revisal, 695.

The homestead exemption is permanent unless there is a reallotment by reason of an increase in value in the manner provided by Revisal, 691. But the personal property exemption is to be reassigned, whenever, at subsequent dates, executions are levied. The reason is that the realty is fixed and stable, whereas the articles of personal property may be increased or diminished in quantity, between the levy of executions, especially so as to articles of food which are usually included in such exemptions.

The report of the appraisers should have been set aside and the sheriff should proceed to levy his execution, and the personal property exemption must be allotted out of the personal property in the hands of the defendant at the time of such allotment, the articles being selected by the defendant as provided by The Code. In *Campbell v. White,* 95 N. C., 344, it was held: "Though the debtor's personal property exemption has been duly allotted, whenever it has been diminished by use, loss, or other cause, he has a right to have any other personal property he may have exempted up to the prescribed limit," *Smith, C. J.,* saying that the Constitution, Art. X, sec. 1, is a continual mandate to the officer to leave so much of the debtor's personal estate untouched for his use, and, of course, the diminution from use, loss, or

ROGERS *v.* MANUFACTURING CO.

other cause must be replenished with other, if the debtor has such, up to the prescribed limits. It is plainly meant that when any final process against the debtor's estate is to be enforced, that much of his estate must be allowed to remain with him as not liable to sale."

Reversed.