### BEFARRAH v. SPELL.

(Filed 8 October, 1919.)

**1. Vendor and Purchaser—Liens—Exemptions—Homestead.**

    A vendor's lien for the purchase money "does not attach" either to personalty or realty in this State, and the purchaser may claim his exemption or homestead therein by proper proceedings in apt time.

**2. Same—"Final Process"—Constitutional Law—Statutes.**

    A debtor may legally demand his personal property exemption at any time and to the last moment before the appropriation thereof by the court, and the order of court directing a payment of the money derived from the sale of such property is final process within the meaning of the Constitution, giving the creditor such right until execution or other final process. It is otherwise as to the demand for a homestead which must be allotted before levying upon the land. Con., Art. X, sec. 1; Rev., sec. 695.

**3. Appeal and Error—Exemptions—Homestead—Findings.**

> Where for the first time, on appeal, the question is raised as to the residence of a claimant for his personal property exemption, and it appears that it is from a stock of goods in the county wherein he had been located and doing business, and his right had been erroneously denied on other grounds by the Superior Court, it will not be denied by the Supreme Court on the ground stated, in the absence of definite and specific finding as to residence.

APPEAL by defendant from *Guion, J.,* at February Term, 1919, of SAMPSON.

This is an action to collect certain notes given for the purchase price of a stock of goods. The facts are as follows:

On 28 March, 1917, N. J. Aboud, a merchant at Roseboro, N. C., sold to the defendant, T. F. Spell, his entire stock of merchandise for the sum of four thousand dollars, five hundred dollars of which was paid in cash and the balance represented by notes as set out in article two of the complaint, said notes being secured by a mortgage deed upon the dwelling-house and premises of the defendant, I. V. Spell, situate in the town of Roseboro. There was no mortgage or other lien given upon the stock of merchandise.

On the same date, to wit, 28 March, 1917, said notes and mortgage were duly transferred and assigned to the plaintiffs, J. E. Befarrah and F. Nassif, trading as the Raleigh Bargain House.

Default having been made in the payment of the second note, the plaintiffs sued out an attachment in the Superior Court of Sampson and seized said stock of goods. Upon motion of the defendant said warrant of attachment was vacated and set aside; and thereupon, at the request of the plaintiffs, a receiver was appointed to take charge of said stock of goods, wares and merchandise, sell the same, and hold the proceeds pending the final judgment in this action. Said goods were sold and the net proceeds from said sale were deposited with W. F. Sessoms, Clerk Superior Court.

This case was first tried by his Honor, Judge Calvert, at February Term, 1918, and the plaintiffs were nonsuited. An appeal was taken to the Supreme Court, and at the Fall Term thereof said judgment of nonsuit was set aside and a new trial ordered. See *Befarrah v. Spell,* 176 N. C., 193. In the meantime, upon the petition of J. E. Befarrah, a member of the firm constituting the Raleigh Bargain House, he was made a party plaintiff and allowed to file a complaint, which he did at August Term, 1918.

The certificate of the Supreme Court having been certified down, this cause again came on for hearing before Judge O. H. Guion, at February Term, 1919. The defendants, Spell and wife, requested his Honor to set

apart to them their personal property exemption in the funds deposited with the clerk of the Superior Court. His Honor denied the request, and upon motion of the plaintiff Befarrah, and upon the complaint and answer, his Honor held that the claim of the plaintiffs constituted a purchase-money lien upon the stock of goods, wares and merchandise sold to the defendant, and that they were not entitled to any personal property exemption in said goods or the moneys derived from the sale thereof. Judgment was entered in accordance with the foregoing ruling, from which the defendants, Spell and wife, appealed to the Supreme Court.

*Butler & Herring attorneys for plaintiff.*
*Grady & Graham attorneys for defendants.*

ALLEN, J. A vendor's lien for the purchase money "does not attach to personalty" (39 Cyc., 1804), and in this State we have gone further and have refused to follow the English doctrine, giving such a lien in sales of land.

"Ever since the leading case of *Womble v. Battle,* 38 N. C., 182, decided in 1844, it has been settled in this State that a vendor of real estate who has conveyed it by deed has no lien upon the land for the purchase money, and that the English doctrine of the purchase-money lien does not obtain here." *Lumber Co. v. Lumber Co.,* 150 N. C., 288.

It follows that his Honor was in error in holding that the plaintiff was entitled to a lien upon the proceeds of the sale of the stock of goods to secure the purchase money notes, and there being no lien the defendant is entitled to his exemption unless he has waited too long, or his application cannot be made because no execution or process has issued to enforce payment of the plaintiff's judgment.

The statute (Rev., sec. 695), following the language of the Constitution (Art. X, sec. 1), gives to each resident of the State a personal property exemption of $500 out of his own property as against an execution or other final process, which is to be set apart on his demand, and, unlike the homestead exemption, which must be allotted before levying upon the land, the right to the exemption may be insisted on at any time before the sale or the appropriation of the property by the court— "at the last moment" (*Gardner v. McConnaughey,* 157 N. C., 482), and the order of the court directing the payment of the money is final process within the meaning of the Constitution.

The case of *Chemical Co. v. Sloan,* 136 N. C., 122, is decisive of both points. In that case the action was brought to recover money, the proceeds of the sale of certain fertilizers alleged to have been unlawfully converted by the defendant, a resident of this State, as agent of the

BEFARRAH *v.* SPELL.

plaintiff. The latter sued out an attachment upon the allegation in its affidavit that he had attempted to dispose of his property and was about to dispose of and secrete the same with the intent to defraud the plaintiff and his other creditors. The attachment was levied on personal property of the defendant, the value of which was less than $500. The property so attached being perishable, was sold by the sheriff under an order of the court, and the sheriff held in his hands the proceeds of the sale subject to the further order and direction of the court. The defendant claimed his exemption out of the money so held by the sheriff. The plaintiff resisted the claim upon the ground that the demand for the allotment of the exemption was not made until after the sale. The court ordered the allotment to be made by the sheriff. The defendant moved to vacate the attachment but the court denied the motion. There had been no judgment in the case and consequently no order directing the application of the money to the payment of the plaintiff's claim. The Court said, in discussing the question presented: "We do not see why the defendant is not entitled to his exemption upon the foregoing facts. The Constitution exempts the personal property of any resident of this State to the value of $500 from sale under execution or other final process. This language is too plain and explicit for any possible misunderstanding of its meaning. It is only when the property is about to be subject to the payment of a debt by final process that the last opportunity is left to the defendant to claim his exemption. At any time before this stage of the proceeding is reached he may make his demand and become entitled to an allotment of the exemption. This is perfectly clear without light upon the subject from any of the authorities. A warrant of attachment is mesne process and is nothing more than a provisional remedy. It is ancillary to the relief sought in the principal action and is intended to preserve the property, or its proceeds if it has been sold as perishable, in the hands of the sheriff or in the custody of the law to abide the event of the suit. The defendant may demand his exemption when the warrant is levied on his property and it is taken out of his possession, or he may wait until the final process is issued and the property is about to be appropriated by sale to the satisfaction of the same."

The facts in the *Sloan case* were more favorable to the plaintiff than in this because in the *Sloan case* the motion to dissolve the attachment was denied, while in this it was allowed.

The plaintiff also objects to the allotment of the exemption because it does not appear that the defendant is a resident of this State, but as this objection was not made in the Superior Court and the ruling of his Honor was on a different ground, and the defendant was engaged in business in Sampson County, we would not be justified in denying

the right to the exemption because of lack of more definite and specific finding as to residence.

Upon the record as it now stands the male defendant is entitled to his exemption.

Reversed.