HOUSEHOLD FINANCE CORPORATION, Plaintiff v. WILLIAM C. ELLIS, Defendant

No. 9121DC493

(Filed 18 August 1992)

1. **Execution and Enforcement of Judgments § 35 (NCI4th) — exemption — waiver — applicable only to particular execution**

   N.C.G.S. § 1C-1603(a)(4) requires that no execution be issued until a Notice to Designate Exemptions has been served; any waiver applies only to the particular execution issued. Requiring a debtor to forever waive his rights for failure to respond to a single notice contradicts the spirit of the entire statutory section on exemptions and applicable case law.

   Am Jur 2d, Exemptions §§ 326, 336.

2. **Execution and Enforcement of Judgments § 35 (NCI4th) — exemptions — 20 day period for claiming — unconstitutional**

   N.C.G.S. § 1C-1601(c) and § 1C-1603(e)(2) are unconstitutional as they attempt to limit the claiming of constitutional exemptions to 20 days after notice to designate is served. Article X, Section 1, of the North Carolina Constitution allows for exemption from "sale under execution or other final process" and our Supreme Court has repeatedly interpreted this to mean that the exemptions can be claimed until the moment the money from the sale is applied to the debt to be paid. The people are deemed to have approved the judicial construction given this provision when they ratified the newly-revised constitution in 1970 without making substantial changes in Article X, Section 1.

   Am Jur 2d, Exemptions §§ 308, 309.

APPEAL by defendant from order entered 28 February 1991 by *Judge Margaret L. Sharpe* in FORSYTH County District Court. Heard in the Court of Appeals 16 March 1992.

On 3 February 1989, the plaintiff, Household Finance Company (HFC), obtained a valid judgment in the amount of $1,500 against the defendant, William C. Ellis, in the Small Claims Division of Forsyth County District Court. Pursuant to N.C. Gen. Stat. § 1C-1603(a)(4), the defendant was served with Notice to Designate

**HOUSEHOLD FINANCE CORP. v. ELLIS**

[107 N.C. App. 262 (1992)]

Exempt Property on 27 February 1989. The defendant had 20 days to respond to this notice by filing a claim for exempt property or requesting a hearing before the court as provided in N.C. Gen. Stat. § 1C-1603(e)(2), and failed to do so.

On 28 March 1989, an execution was issued to collect the amount due on the judgment, but because an agreement to satisfy the debt was worked out between the parties, the execution was returned on 7 April 1989. The agreement failed, and a second execution was issued 13 March 1990, but it, too, was returned at the plaintiff's request on 14 June 1990 when a second agreement was reached. The defendant subsequently filed a motion to claim exempt property on 21 June 1990. On June 26, after the second agreement failed, a third execution was issued and was returned 26 September 1990 for failure to locate property to satisfy the debt. A fourth execution was issued on 8 October 1990 which reflected a payment made by Ellis of $369.40 and was returned unsatisfied on 7 January 1991 with a notation that the defendant was avoiding service.

The defendant filed a Motion to Excuse Waiver of Exemptions in the Forsyth County District Court pursuant to N.C. Gen. Stat. § 1C-1601(c)(3) and his motion also included an assertion that the defendant still retained his right to constitutional exemptions under Article X because they were never waived. The plaintiff claimed that all exemptions were waived when the defendant failed to respond to the original Notice to Designate Exempt Property.

The case was heard in Forsyth County District Court on 25 February 1991. On 28 February 1991, Judge Sharpe entered an order finding that by failing to claim his exemptions within 20 days of notice, under N.C. Gen. Stat. § 1C-1601 he had waived these rights and also that the defendant had failed to show the grounds of mistake, surprise or excusable neglect required for the granting of the defendant's motion to excuse waiver of exemptions.

From this order, the defendant appeals.

*Lambe & Lauver, P.A., by Robert A. Lauver, for plaintiff-appellee.*

*Legal Aid Society of Northwest North Carolina, Inc., by Joanna B. George and Ellen W. Gerber, for defendant-appellant.*

ORR, Judge.

The defendant raises two issues on appeal: 1) whether a Notice to Designate Exemptions is required before each execution is issued or whether a single notice before the first execution satisfies N.C. Gen. Stat. § 1C-1601 and § 1C-1603 and 2) whether the plaintiff waived his state constitutional exemptions provided in Article X, section 7 pursuant to N.C. Gen. Stat. § 1C-1601 and § 1C-1603. For the reasons set forth below, we reverse the district court.

## I.

### Notice to Designate Exemptions

[1]   The first issue is whether a Notice to Designate Exemptions under N.C. Gen. Stat. § 1C-1603(a)(4) is required before each execution or whether a single notice before the first execution is sufficient. We hold that notice is required before each execution.

N.C. Gen. Stat. § 1C-1603(a)(4) states:

> After judgment, except as provided in G.S. 1C-1603(a)(3) or when exemptions have already been designated, the clerk may not issue an execution or writ of possession unless notice from the court has been served upon the judgment debtor advising him of his rights.

According to N.C. Gen. Stat. § 1C-1603(e)(2), the judgment debtor has 20 days from "notice to designate" to file a motion to designate exempt property and a schedule of assets with the clerk or to request a hearing before the clerk. If he fails to do either of the above, "the judgment debtor has waived the exemptions." N.C. Gen. Stat. § 1C-1603(e)(2) (1987).

Also applicable is Section 1C-1601(c)(3) which states:

> The exemptions provided in this Article and in Sections 1 and 2 of Article X of the North Carolina Constitution, cannot be waived except by: . . .

> > Failure to assert the exemption after notice to do so pursuant to G.S. 1C-1603. The clerk or district court judge may relieve such a waiver made by reason of mistake, surprise, or excusable neglect, to the extent that the rights of innocent third parties are not affected.

HOUSEHOLD FINANCE CORP. v. ELLIS

[107 N.C. App. 262 (1992)]

Under N.C. Gen. Stat. § 1-47 a judgment has a life of ten years, but an execution has a limited life that begins the day of issuance and terminates 90 days later. N.C. Gen. Stat. § 1-310 (1983). The execution may not issue until ten days after entry of judgment, but must be returned within 90 days. *Id.* The first execution in the present case was issued on 28 March 1989 and expired 26 June 1989. The defendant was properly served with a notice to designate exempt property before this execution issued and the defendant failed to respond to it within 20 days. The validity of this waiver is therefore not in question. However, subsequent executions each with a life of 90 days were issued without additional notice to the defendant.

The defendant contends the waiver from the first execution did not survive the expiration of that execution. The statutory language speaks of "an execution" and it also states that the exemptions are "waived," but does not directly address the question of whether this waiver is permanent. N.C. Gen. Stat. § 1C-1603(a)(4), (e)(2) (1987).

The policy of the statutory and constitutional exemptions is to protect the debtor "not from destitution but only from loss of the property due to sale under final process for the collection of any debt." *Montford v. Grohman*, 36 N.C. App. 733, 736, 245 S.E.2d 219, 222, *dismissed*, 295 N.C. 551, 248 S.E.2d 727 (1978). In *Comm'r. of Banks v. Yelverton*, 204 N.C. 441, 168 S.E. 505 (1933), the plaintiff held a valid judgment against the defendant, Paul Yelverton, for $3,650. The defendant had no property which was subject to seizure and sale under execution, but he was receiving payments of $300 monthly from various insurance policies due to his permanent and total disability. The plaintiff petitioned the court to have a receiver appointed to collect the disability payments and apply them to the judgment. The defendant had claimed his exemptions under Article X, section 7 of the Constitution which states that "[t]he husband may insure his own life for the sole use and benefit of his wife and children, . . . free from all the claims of the representatives of her husband, or any of his creditors." N.C. Const. art. X, § 7, rewritten as art. X, § 5 (1984). The defendant argued that he should be allowed to renew his exemptions from time to time in order to constantly keep the exemption limit of personal property. The court, relying on *Dean v. King*, 35 N.C. 20 (1851), held that:

the allotment should be made from time to time, and as often as the debtor might be pressed with executions; the policy being to enable the debtor not only to have the exemptions allotted to him once, but to keep them about him all the time, for the comfort and support of himself and family.

*Yelverton*, 204 N.C. at 447, 168 S.E. at 508.

In construing exemption statutes, the general rule is outlined in *Elmwood v. Elmwood*, 295 N.C. 168, 244 S.E.2d 668 (1978). There the defendant's ex-wife was seeking to garnish his United States Marine Corps retirement benefits for payment of an earlier maintenance and support order. N.C. Gen. Stat. § 1-362 provided for an exemption from execution of earnings of a debtor for personal services within 60 days preceding an order of seizure when it appears these earnings are needed for use of a family supported by debtor's labor. Our Supreme Court stated:

The humane and beneficent provisions of the law in regard to exemptions, being remedial in their nature. . . should always receive a liberal construction so as to embrace all persons coming fairly within their scope.

*Elmwood*, 295 N.C. at 185, 244 S.E.2d at 678 (quoting *Goodwin v. Claytor*, 137 N.C. 225, 49 S.E. 173 (1904)). Therefore, provisions which restrict a debtor's access to his exemptions should be construed narrowly. Debtors are generally allowed a great deal of flexibility in claiming and maintaining their exemptions. *See, e.g.*, *Yelverton*, 204 N.C. 441, 168 S.E. 505 (1933).

Similarly, in *Campbell v. White*, 95 N.C. 344 (1886), the plaintiff had caused an execution to be issued against the defendant to satisfy a judgment order against him. The defendant claimed his personal property exemptions under Article X, section 1 of the North Carolina Constitution. The issue was whether choses in action were allowed to constitute part of the defendant's exemptions so that he could claim up to the $500 limit. The court found for the defendant and held that there is "a continual mandate to the officer to leave so much of the debtor's personal estate untouched for his use, and of course, the diminution . . . must be replenished with other, if the debtor has such, up to the prescribed limits." *Campbell*, 95 N.C. at 345.

All three of these cases demonstrate the policy of flexibility adopted by our Supreme Court in adjusting exemption allotments

to enable the debtor to take full advantage of his exemption rights. Given this policy of flexibility demonstrated by the statute itself and the case law, we conclude that the legislature did not intend to limit a debtor's ability to claim exemptions as plaintiff contends. Requiring a debtor to forever waive his rights for failure to respond to a single notice contradicts the spirit of the entire statutory section on exemptions and applicable case law.

We therefore hold that the statute requires that no execution be issued until a Notice to Designate Exemptions has been served and any waiver applies only to the particular execution issued.

## II.

### Constitutional Exemptions

[2] The next issue the defendant raises is whether the constitutional exemptions granted in Article X of the North Carolina Constitution are subject to waiver under N.C. Gen. Stat. § 1C-1601(c) and § 1C-1603(e)(2). We hold that the provisions of § 1C-1601 and § 1C-1603 are unconstitutional as applied to the constitutional exemptions.

Article X, Section 1 of the North Carolina Constitution states:

The personal property of any resident of this State, to a value fixed by the General Assembly but not less than $500, to be selected by the resident, is exempted from sale under execution or other final process of any court, issued for the collection of any debt.

N.C. Gen. Stat. § 1C-1603 states that the exemptions, both statutory and constitutional, may be waived for failure to assert the exemption by filing a motion to designate exemptions or requesting a hearing within 20 days after notice to do so. N.C. Gen. Stat. § 1C-1603(e)(2). Generally, an act of the legislature is valid unless the constitution prohibits such an act. *Moore v. Knightdale Bd. of Elections*, 331 N.C. 1, 413 S.E.2d 541 (1992).

The general rule for waivers is that a defendant may "waive a constitutional as well as a statutory provision made for his benefit. . . . And this may be done by express consent, by failure to assert it in apt time or by conduct inconsistent with a purpose to insist upon it." *Cameron v. McDonald*, 216 N.C. 712, 715, 6 S.E.2d 497, 499 (1940). The issue here is not whether the statutory exemptions can ever be waived, because they are clearly subject to waiver,

but whether the defendant waived his constitutional exemptions by failing to assert them in "apt time." Under Article X, Section 1, the debtor can assert the right to exemptions any time before "sale under execution or other final process."

Our Supreme Court has adopted the rule that if a constitutional provision has received a "settled judicial construction, and is afterward incorporated into a new or revised Constitution, it will be presumed to have been retained with a knowledge of the previous construction, and the courts will feel bound to adhere to it." *Williamson v. City of High Point*, 213 N.C. 96, 105, 195 S.E. 90, 95 (1938) (quoting 12 C.J. Constitutional Law § 69).

Our Supreme Court interpreted "final process" under Article X, Section 1 to be "the order of the court directing the payment of the money." *Befarrah v. Spell*, 178 N.C. 231, 233, 100 S.E. 321, 322 (1919); *see also Crow v. Morgan*, 210 N.C. 153, 155-56, 185 S.E. 668, 670 (1936); *Chemical Co. v. Sloan*, 136 N.C. 122, 48 S.E. 577 (1904). In *Chemical Co.*, the court in interpreting "final process" held that:

> It is only when the property is about to be subjected to the payment of a debt by final process that the last opportunity is left to the defendant to claim his exemption. At any time before this stage of the proceeding is reached, he may make his demand and become entitled to an allotment of the exemption.

*Chemical Co.*, 136 N.C. at 123, 48 S.E. at 577. *See also Gardner v. McConnaughey*, 157 N.C. 481, 73 S.E. 125 (1911); *Shepherd v. Murrill*, 90 N.C. 208 (1884); *Gamble v. Rhyne*, 80 N.C. 183 (1879).

In *Shepherd*, the plaintiff was the debtor in a prior case where a judgment was ordered against him and an execution was issued for the collection of his debt. The defendant sheriff informed the plaintiff of the execution but the plaintiff refused to pay it. The next day the sheriff levied upon and took the plaintiff's bale of cotton to sell in satisfaction of the debt. The plaintiff failed to assert his right to his constitutional exemptions until the day of the sale. The sheriff told plaintiff that "it was too late" to claim his exemptions and proceeded to sell the cotton. The defendant argued that the plaintiff should have requested his exemptions "at the time of levy or within a reasonable time thereafter, before the day of sale" and that by not doing so, he had waived his

exemptions. *Id.* at 209. The court disagreed and held that "no provision in terms or effect, [that] makes it imperative on the execution debtor to demand the appraisement and laying off of the exempted property; nor is there anything in the nature of the demand . . . that renders it necessary that it shall be made before the day of sale." *Id.* at 210. The court advocated a liberal construction of the personal property exemption statute to the end that the debtor have "all reasonable opportunity for the assertion of the right." *Id.*

In the case before us, Article X, Section 1 allows for exemption from "sale under execution or other final process" and our Supreme Court has repeatedly interpreted this to mean that the exemptions can be claimed until the moment the money from the sale is applied to the debt to be paid. *See, e.g., Chemical Co., Befarrah,* and *Crow.* All of these interpretations occurred prior to 1970 when a complete editorial revision of the North Carolina Constitution took place and was ratified by the voters on 3 November 1970. Thus, applying the Supreme Court's rule concerning well-settled constructions, the people are deemed to have approved of the judicial construction given this provision when they ratified the newly-revised constitution in 1970 without making substantial changes in Article X, Section 1. Therefore, we hold that N.C. Gen. Stat. § 1C-1601(c) and § 1C-1603(e)(2), as they attempt to limit the claiming of constitutional exemptions to 20 days after notice to designate is served, are unconstitutional.

Since the parties failed to argue the issue of the trial court's denial of the defendant's Motion to Excuse Waiver pursuant to N.C. Gen. Stat. § 1C-1601(c)(3) in their briefs, we deem this issue abandoned under Rule 28(b)(5) and do not address this issue.

Judgment is reversed.

Chief Judge HEDRICK and Judge WALKER concur.