**In re Bobby O. PINNER and Angie T. Pinner, Debtors.**

**Bankruptcy No. 92–01512–8–ATS.**

United States Bankruptcy Court, E.D. North Carolina, Wilson Division.

Oct. 26, 1992.

---

---

Stephen A. Woodson, Ahoskie, N.C., for debtors.

George Thomas Davis, Swanquarter, N.C., for East Carolina Bank.

### ORDER

J. RICH LEONARD, Bankruptcy Judge.

This matter is before the court on the debtors' motion to avoid East Carolina Bank's ("ECB's") judicial lien on property which the debtors have claimed as exempt under N.C.Gen.Stat. § 1C–1601(a)(2).[1] ECB objects to the debtors' motion, arguing that any exemption in this property was waived when the debtors failed to claim it as exempt after ECB obtained two judgments against the debtors in Hyde County, North Carolina in 1990.

A hearing was held on the debtors' motion on October 13, 1992 in Wilson, North Carolina. At the conclusion of the hearing, the court ruled from the bench and granted the debtors' motion. This order confirms and explains that ruling.

*Discussion*

Since 1984, the Bankruptcy Court for the Eastern District of North Carolina has followed the rule that "a prepetition procedural waiver of exemption rights remains effective in bankruptcy." *In re McLamb,* 93 B.R. 72, 75 (1988); *In re Laughinghouse,* 44 B.R. 789 (Bankr.E.D.N.C.1984). Al-

---

**1.** The debtors' property consists of: (1) a 20 acre farm in Tyrrell County, North Carolina, valued at $17,583, and (2) a one-third interest in Sportsman's Lodge, valued at $500. Neither property is used as the debtors' residence. Accordingly, the debtors are claiming an aggregate $7,000 "wild card" exemption under § 1C–1601(a)(2).

though ECB has justifiably relied on these published decisions in arguing that the debtors have waived any exemption in their property, the court finds that a reappraisal of this rule is appropriate in light of *Household Finance Co. v. Ellis*, 107 N.C.App. 262, 419 S.E.2d 592 (1992), a recent North Carolina Court of Appeals decision.

■ As an initial matter, the court notes that North Carolina has opted out of the exemptions scheme provided at § 522(d) of the Bankruptcy Code.[2] N.C.Gen.Stat. § 1C–1601(f). Thus, the exemptions of bankruptcy debtors in North Carolina "depend on [state] law both for substance and for procedure." *Dominion Bank of Cumberlands, NA v. Nuckolls*, 780 F.2d 408 (4th Cir.1985), (Hoffman, J. concurring at 417); *see also Zimmerman v. Morgan*, 689 F.2d 471 (4th Cir.1982).

When applying North Carolina law, this court, like other federal courts, must defer to the rulings of the state's highest court. *Erie R.R. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). However, if the state supreme court has not decided a question, "then we must apply what we '. . . find to be the state law after giving 'proper regard' to the relevant rulings of other courts of the state.'" *Phipps v. Robinson*, 858 F.2d 965, 968 (4th Cir.1988), *quoting Commissioner v. Estate of Bosch*, 387 U.S. 456, 465, 87 S.Ct. 1776, 1783, 18 L.Ed.2d 886 (1967). The North Carolina Court of Appeals is counted among these "other courts," and its rulings are not binding on this court. *Phipps v. Robinson, supra*. With this background, the court will analyze the holding of *Household Finance Co. v. Ellis*, and determine its applicability to this case.

In *Ellis*, the plaintiff obtained a small claims judgment for $1500 against the defendant, and properly served him with a Notice to Designate Exempt Property. The defendant failed to respond to the notice within the time allotted by statute. Thereafter, the plaintiff had four separate executions issued, each of which was re-

turned unsatisfied. Between the second and third executions, the defendant filed a motion to claim exempt property. The state trial judge who considered these facts found that the defendant's initial failure to claim exemptions was a waiver that voided his belated attempt to do so.

The court of appeals reversed. Although the appellate court agreed that the debtor's failure to respond to the notice waived his right to claim exemptions, it held that the waiver was limited in time. The court reasoned that because "an execution has a limited life that begins the day of issuance and terminates 90 days thereafter," "any waiver applies only to the particular execution issued." *Id.* 419 S.E.2d at 593 and 595, *citing* N.C.Gen.Stat. § 1–310. The practical effect of this holding is that a new notice is required before each execution.

While not bound to apply the decisions of the state court of appeals, this court finds the *Ellis* decision an unobjectionable analysis of North Carolina law. As the court of appeals noted, the North Carolina Supreme Court has historically taken a flexible approach to exemptions law, and has construed the law to allow debtors to take advantage of their rights. *See, e.g., Elmwood v. Elmwood*, 295 N.C. 168, 244 S.E.2d 668 (1978). More importantly, exemptions provisions are creatures of state law, and comity suggests that a federal court should follow the rule mandated for the state trial courts on an issue so basic as waiver. *Cf. Dominion Bank of Cumberlands, NA v. Nuckolls, supra*. Accordingly, this court adopts the interpretation of North Carolina law found in *Household Finance Co. v. Ellis, supra*.

■ In the present case, ECB obtained a state court judgment against the debtors and served them with a notice to claim exemptions on April 4, 1990. The debtors responded to this notice on April 23, 1990, but failed to claim the property in question as exempt. On July 11, 1990, ECB served the debtors with a second notice to claim exemptions which related to a separate

---

**2.** The Bankruptcy Reform Act allows states to "opt out" of the bankruptcy exemptions scheme. If a state makes this election, it restricts its

residents to the exemptions provided under applicable state and federal non-bankruptcy law. 11 U.S.C. § 522(b)(1).

state court judgment. The debtors did not respond to this notice. There is no indication that ECB made any attempt to execute on the Pinners' property after July 11, 1990, or that any additional execution was issued after that date.

Applying *Ellis* to these facts, the court concludes that the debtors' initial waivers of exemptions have no present effect. Accordingly, the debtors have properly been given a new opportunity to claim this property as exempt in this court. They have availed themselves of this opportunity, and are entitled to avoid ECB's judicial lien under § 522(f)(1) of the Bankruptcy Code.

### Conclusion

Based upon the foregoing, the debtors' motion to avoid East Carolina Bank's judicial lien is granted.

So ordered.