SHAW, Judge.
This is an appeal from a Circuit Court order denying appellant’s “motion for order adjudicating invalid the claims of Wayne D. Boyette and Rozella Boyette of homesteads exempt from forced sale.”
On October 22, 1971, Wayne D. Boyette and Ethel Boyette entered into a separation and property settlement agreement which was later incorporated into a final order dissolving the marriage of the parties on February 4, 1972. For the sum of $25,000 in cash and Wayne’s agreement to allow her to remain on the Columbia County homestead for a monthly rental payment of $100.00, Ethel executed a quitclaim deed to all her interest in the property. She moved out after about three years, purchased a home in Jasper, Hamilton County, Florida, and established her homestead there. Wayne, who had physically moved out of the Columbia County property in January of 1969, married Roxeanna a few days after his marriage to Ethel was dissolved. Wayne and Roxeanna bought and occupied a home in New Smyrna Beach, Volusia County, Florida, on which Roxeanna claimed homestead for tax purposes while Wayne continued to claim homestead in Columbia County. Although he claims otherwise, it is clear from the record that Wayne registered and voted in Volusia County in 1972. Around 1975 Wayne and Roxeanna moved to and occupied a residence in Houston, Texas. There he registered and voted, secured a Texas driver’s license and allowed his Florida license to expire. In 1979 Wayne maintained dual registration in both Texas and Florida and voted in Texas in the November, 1980, election. While he does not seriously challenge the above outlined chronology of events, he claims that throughout the period in question he visited the Columbia County property about once a month for the purpose of checking on it and attending to routine maintenance. He claims also that he maintained an electrical connection in his name, maintained a telephone listing in his name, and maintained a mailing address at the residence. He testified that he never intended to abandon the property as his homestead, always considered it to be his homestead, and had only been living in the State of Texas because of adverse financial circumstances and intended to return to Columbia County when his economic fortunes improved.
*1251 The circuit court order adjudged that the homestead claimed by Wayne Boyette is determined to be in fact a homestead under the laws of the State of Florida, subject to all the rights and privileges pertaining thereto. This brings into focus the issue to be resolved, to wit: whether one maintains the homestead status of property following the break-up of a family unit and the establishment of a new family unit elsewhere. The answer, in the opinion of this Court, is that he cannot. Wayne was not only absent in excess of twelve years from the Columbia County property on which he claims homestead, but during that twelve year period he remarried, and he and his new wife occupied and declared homestead on property elsewhere. The facts clearly demonstrate that Wayne Boyette was not the head of a family occupying the disputed homestead during the period in question, but was in fact a member, if not the head, of an entirely different family unit residing elsewhere. His claim of homestead cannot be sustained on the facts. The trial court’s finding to the contrary is REVERSED and the cause is remanded for disposition consistent with this opinion.
REVERSED and REMANDED.
MILLS and LARRY G. SMITH, JJ., concur.