**In re Charles W. HERR, Debtor.**

**Bankruptcy No. 96–11075–BKC–AJC.**

United States Bankruptcy Court,
S.D. Florida.

June 28, 1996.

Charles W. Herr, Coral Gables, FL, Pro Se.

Steven Hibbe, Coral Gables, FL, for Creditor Mary Evelyn Herr.

Elena Magolnick, Chapter 7 Trustee, Miami, FL.

## ORDER OVERRULING OBJECTION TO DEBTOR'S CLAIM OF HOMESTEAD EXEMPTION

A. JAY CRISTOL, Chief Judge.

**THIS MATTER** came before the Court on June 19, 1996 upon the Objection To Homestead Exemption And Motion To Determine Whether Debtor's Real Property Is Homestead filed by Carlos Hernandez ("Creditor"). The Court, having reviewed Debtor's Answer To Objection, having taken testimony and received exhibits into evidence, and having heard argument of counsel and being otherwise fully advised in the premises, the Court determines that it is appropriate to overrule Creditor's objection to Debtor's claim of homestead exemption.

### BACKGROUND

Charles W. Herr, III, ("Debtor") petitioned for relief under Chapter 7 of the Bankruptcy Code on February 23, 1996. Before the Debtor petitioned for relief, he was engaged in state court litigation with Travelers Insurance Co., in the case of *Travelers Insurance Co. v. Charles W. Herr*, Case No. 82-9654 CC-05 filed in the County Court in and for Dade County, Florida. A final judgment was entered against the Debtor. The total due with interest from November 6, 1984 through February 28, 1996 amounted to $5,049.61. This judgment was purchased by Creditor, Hernandez, on September 17, 1995. On December 30, 1995, Creditor obtained a writ of execution and directed the Sheriff to Levy on Debtor's real property located at 2301 S.W. 22nd Avenue, Miami, Florida. Debtor owns the real property jointly with his daughter. The evidence established that Debtor had lived on the property for thirty-five years. Mr. Hernandez, the Creditor, was a perfect gentleman and completely credible. He testified that the property the Debtor claimed as his homestead was vacant, was covered with weeds and had a "For Sale" sign thereon which bore a telephone number attributable to the Debtor. None of

the testimony of the Creditor was disputed by the Debtor. The evidence further established that there had been a house on the now vacant property in which Debtor had lived for those many years. The house was rendered uninhabitable by Hurricane Andrew on August 22, 1992. The Debtor has resided with a friend in Coral Gables since the house was destroyed. At some indeterminate time after the hurricane, the house was demolished by the City of Miami. There was some dispute as to when the ruined house was demolished. The Creditor thought it was several years ago. The Debtor insists the City of Miami did the demolition within the past year. It is not important who has the better memory on this point as it is not material to the decision of this case.

After Debtor unsuccessfully asserted his homestead rights in state court, Debtor filed his petition under Chapter 7 and listed the property as exempt on schedule C of his petition. Debtor's undisputed testimony that he lived on the property as his homestead for almost thirty-five years is sufficient to establish the property as his homestead. The issue is whether the Debtor abandoned his homestead by not living on the property or by offering to sell it.

### APPLICABLE LAW AND ARGUMENT

■ Creditor argues that Debtor should not be entitled to homestead exemption because the land is now vacant. In support of his argument, Creditor cites *Drucker v. Rosenstein*, 19 Fla. 191 (1882). In *Drucker*, the court held that a piece of land with no house upon it cannot be claimed as a homestead even though the claimant has made preparations for building and has filed and recorded a statement claiming the land as homestead. In *Solary v. Hewlett*, 18 Fla. 756 (1882), another case cited by the Creditor, the court held that land which a debtor merely intends to occupy as a homestead, but which is in fact never occupied by him, cannot be exempted as a homestead. A hundred years more recently, in *United States v. Boyette*, 413 So.2d 1250 (Fla.App. 1 Dist.1982), the First District Court of Appeal held that a claimant may not claim property abandoned for twelve years as homestead, especially when the

claimant had declared homestead on property elsewhere during that twelve year period.

Debtor argues that the provisions of homestead law should be carried out in liberal beneficent spirit, that Florida has a public policy of protecting the homestead exemption, and that homestead statutes have enjoyed particularly liberal construction. The Debtor also argues that the state legislature's purpose in enacting the homestead exemption was to secure for the householder a home for himself and his family—regardless of his financial condition. *In re Meola,* 158 B.R. 881 (Bankr.S.D.Fla.1993). The Court agrees. The Debtor owns the subject real property jointly with his daughter. He has lived at the property for thirty-five years. He claims to be physically disabled. He is unemployed and testified that he relies on disability benefits. In August 1992, he was forced out of his homestead by Hurricane Andrew. Debtor's testimony established that he was not financially able to make the house habitable again. Debtor called a witness who testified that Debtor's home was "bulldozed" by the City of Miami. Debtor testified that because he is unable to rebuild, he intends to sell the "Homestead" and use the proceeds to purchase another homestead. He also testified that he never intended to abandon his homestead and always intended for the property to remain his homestead. Under Florida law, a debtor's absence from property claimed as homestead is not determinative of whether homestead has been abandoned; rather it is the debtor's intent which is the critical factor. *In re Mackey,* 158 B.R. 509 (Bankr.M.D.Fla.1993). The Debtor testified that he intended to repair the house, but when that proved to be impossible, he intended to rebuild the house. Unable to rebuild, Debtor finally decided to sell the homestead and buy a less expensive homestead with the proceeds.

The homestead character of Debtor's property was clearly established by the unrebutted testimony that it had been Debtor's homestead, where he lived, for thirty-five years. Having established that the property is Debtor's homestead, the burden is upon the Creditor who must prove the homestead was abandoned in order to prevail. The

*Drucker* and *Solary* cases cited by Creditor do not apply because they deal with situations where there never was a homestead. The *Boyette* case is more analogous to this case and held that abandonment occurred after the person claiming homestead had been away from the property for twelve years and had declared another property as his homestead. The Court is persuaded that the fact that the Debtor in the *Boyette* case "declared homestead on property elsewhere" was more of a factor in establishing the abandonment than the passage of twelve years. People do go away for more than twelve years from established homesteads and that amount of absence alone does not constitute an abandonment. Under Florida law, abandonment of a homestead may only be proved by a strong showing of a debtor's intent not to return to his residence. Mere absence due to health, financial, or family reasons generally does not constitute an abandonment. *Monson v. First National Bank of Bradenton,* 497 F.2d 135 (5th Cir. 1974).

What proof supports Creditor's claim of abandonment? Absence for one or three years alone is not sufficient. Weeds on the property are immaterial. Posting a "For Sale" sign or offering the property for sale is not abandonment. Thousands of "For Sale" signs are posted on homesteads throughout Dade County this very minute and those homesteads are not thereby abandoned. This Court agrees with the rationale of Judge Conrad in the Vermont case of *In re Bernstein,* 62 B.R. 545 (Bankr.D.Vt.1986). In that case, Judge Conrad held that a debtor's intent to sell, in the future, without more, did not establish present abandonment of homestead so as to defeat the homestead exemption. If a debtor pronounces his intent to abandon his homestead and moves away intending never to return, that would do it. If a debtor declares other property as homestead, that creates an estoppel against the debtor. When a credible debtor testifies under oath that his intent is to retain his homestead, sell it, and then buy another with the proceeds, that is sufficient to prove his intent to maintain his homestead. In *Bernstein,* the court stated:

If we were to accept ... [the] argument that intent to sell a homestead is the abandonment of it, then every citizen ... would place their homestead exemptions in the coffers of attaching creditors by the mere execution of a listing agreement with a real estate broker or the signing of a purchase and sales agreement that involved their homestead, at least until they changed their minds.

*In re Bernstein,* 62 B.R. at 549. The Court agrees. In this case, with no evidence of intent to abandon the homestead presented, the Creditor failed to carry his burden and judgment must be for the debtor.

Throughout these proceedings, the Debtor has been rude, disorderly, noisy, and in general, a pain. This case goes to prove that even an obnoxious, crotchety, impolite litigant who presents his case poorly can prevail when the law and the facts are on his side. Accordingly, it is

**ORDERED** that Creditor's Objection to Debtor's claim of Homestead Exemption on the property described as Lots 11, 12, 13, 14, of Block 38 New Shenandoah, as recorded in Plat Book 10 at page 55 of the Official and Public Records of Dade County, Florida, is overruled.

**DONE AND ORDERED.**