**In re George Bruce BRATTY a/k/a George B. Bratty, Debtor.**

**Bankruptcy No. 96–32368–BKC–SHF.**

United States Bankruptcy Court, S.D. Florida.

Nov. 29, 1996.

Jeffrey B. Lathe, West Palm Beach, Florida, for Debtor.

Patricia Dzikowski, Chapter 7 Trustee.

John L. Walsh, Lauderhill, Florida, for Trustee.

### ORDER SUSTAINING TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM OF EXEMPT PROPERTY

STEVEN H. FRIEDMAN, Bankruptcy Judge.

THIS MATTER came on to be heard on November 21, 1996 upon the Trustee's Objection to the Debtor's Claim of Exempt Property. The Trustee asserts that the Debtor's claim of a homestead exemption is not valid. The Court, having considered the Trustee's objection to the exemption, the argument of counsel, the evidence introduced before the Court, and the candor and demeanor of the witnesses, and for the reasons set forth below, sustains the Trustee's objection.

The Debtor filed his voluntary chapter 7 petition on June 11, 1996. In his bankruptcy schedules, the Debtor lists as exempt a fee

simple interest in a condominium unit located at 1420 Ocean Way Building, 21D, in Jupiter, Florida. The unit is co-owned by the Debtor with his brother and sister-in-law, Roger and Maria Bratty, as joint tenants with right of survivorship. The condominium unit was purchased in August, 1984 for $118,000, and the Debtor values the unit at $100,000, subject to a $51,000 mortgage.

■ The Trustee claims that the Debtor does not reside on the property, but rather, that the subject property has been leased during the course of the last several years. Thus, it is the position of the Trustee that the Debtor lacks the requisite intent to maintain the condominium unit as his homestead.

■ It is well-established that homestead status is established by the actual intention to live permanently in a place coupled with actual use and occupancy. *Hillsborough Investment Company v. Wilcox*, 152 Fla. 889, 13 So.2d 448 (1943); *In re Brown*, 165 B.R. 512 (Bankr.M.D.Fla.1994). The homestead exemption should be liberally construed to effectuate its remedial purpose, but at the same time, the Court must take care to prevent it from becoming an instrument of fraud. *Croker v. Croker*, 51 F.2d 11 (5th Cir.1931). Furthermore, the burden is on the objecting party to make a strong showing that the claimant is not entitled to the claimed exemption. *In re Dudeney*, 159 B.R. 1003 (Bankr.S.D.Fla.1993); *In re Imprasert*, 86 B.R. 721 (Bankr.M.D.Fla.1988).

At the hearing on the objection to claimed exemption, the Debtor testified that he, together with his brother and sister-in-law, purchased the Jupiter condominium unit in 1984 as a vacation home. Many of the owners of the 350 condominium units in the Jupiter Bay Resort rent or lease their units, and presently less than one-half of the units are occupied by full-time residents, according to Phillip Mundell, a real estate broker employed by Jupiter Bay.

The Debtor purportedly took up residence in the Jupiter Bay Resort condominium in 1988 or 1989, contemporaneously with the Debtor's sale of his interest in a grocery business. The Debtor was to receive a pay out of his interest in the grocery business over a ten-year period, and thus decided to move to Florida. According to the Debtor, he changed his residence to the Jupiter condominium in 1988 or 1989, obtained employment with a local realty firm, and registered to vote in the State of Florida.

In 1992, the Debtor returned to Buffalo, New York, in an attempt to rehabilitate the grocery business which was faltering. While in Buffalo, the Debtor resided with a friend, and between 1992 and 1994, the Jupiter condominium was leased to various tenants. Sometime in 1993, the Debtor moved back into his New York condominium, which previously had been occupied by his parents. Ultimately, the Debtor's efforts to resuscitate the grocery business proved unsuccessful as the grocery closed in October, 1994. However, the Debtor remained in New York until June 1995, when he returned to Florida. Upon his return to Jupiter, the Debtor was unemployed, and could not afford to live in the Jupiter Bay Resort condominium, so he ultimately leased the condominium for a six-month period between November, 1995 and April, 1996. Thereafter, the Debtor leased the unit for a succeeding one-year term between May, 1996 and May, 1997.

It is noteworthy that from the time of the Debtor's return to Buffalo, New York in 1992 through June 11, 1996 petition date commencing this case, the Debtor resided at the Jupiter Bay Resort condominium for only five weeks. The Debtor presently resides with his sister in Indian Rocks Beach, Florida, approximately 200 miles from the Jupiter condominium, and the Debtor has resided in Indian Rocks Beach for approximately six months.

■ The Debtor steadfastly asserts that, since first moving to Florida in 1988, he has considered the Jupiter Bay Resort condominium to be his primary residence, and that he never abandoned the property as his permanent abode. The Debtor further offers that, upon the expiration of the lease presently in

effect for the Jupiter Bay Resort condominium in May, 1997, he intends to reoccupy the condominium. The Debtor's expression of his intention is probative, but if an owner acts inconsistently with a self-professed intention to establish homestead, a claim for exemption may fail. *See, Smith v. Hamilton,* 428 So.2d 382 (Fla. 4th D.C.A.1983).

This Court believes that the Debtor's actions vitiate his homestead claim. The decision of the Debtor to return to Buffalo, New York in 1992 to reopen the grocery would not, in and of itself, result in an abandonment of the Debtor's homestead exemption. However, in October 1994, when the grocery business finally closed, the Debtor remained in Buffalo, New York, rather than returning to South Florida. In addition, upon returning to South Florida in April, 1996, the Debtor occupied the apartment only for a five-week period, and then, re-rented the apartment. Furthermore, over the course of the twelve years during which the Debtor has owned an interest in the Jupiter condominium, the unit has been utilized in a manner consistent with its originally intended purpose; i.e., as a vacation home, and *not* as a residence for the Debtor. This Court is satisfied that as a result of the afore-described actions taken by the Debtor, the homestead status for the Jupiter Bay Resort condominium which may have inured to the Debtor's benefit between 1988 and 1992 subsequently was abandoned. Accordingly, it is hereby

**ORDERED** that the Trustee's objection to the Debtor's claim of exempt property is sustained. The Debtor's interest in Unit 21D at 1420 Ocean Way, Jupiter, Florida is non-exempt, and available for liquidation or other disposition by the Trustee.