In re William Reuben CAIN, Debtor.

Bankruptcy No. 98–10089C–7G.

United States Bankruptcy Court,
M.D. North Carolina,
Greensboro Division.

March 17, 1998.

## *MEMORANDUM OPINION*

WILLIAM L. STOCKS, Chief Judge.

This case came before the court on March 10, 1998, for hearing upon the objection by Royce Lane Vail to Debtor's claim for property exemptions. Gerald A. Pell appeared on behalf of the Debtor and Anna T. Shedden appeared on behalf of Royce Lane Vail.

### JURISDICTION

The court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334, and the General Order of Reference entered by the United States District Court for the Middle District of North Carolina on August 15, 1984. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B) which this court may hear and determine.

### FACTS

1. This Chapter 7 case was filed by the Debtor on January 9, 1998.

2. When this case was filed on January 9, 1998, the Debtor filed Debtor's Claim for Property Exemptions in which the Debtor claimed an exemption with respect to certain real property used by Debtor as his residence. The Debtor's claim for property exemptions identified the real property as 3823 Yanceyville Street, Greensboro, North Carolina, indicated that the Debtor's interest consisted of a re-mainder interest after a life estate vested in the Debtor's mother and listed $10,-000.00 as the market value of his interest in the property.

3. On February 17, 1998, an Objection to Valuation and Exemption was filed on behalf of Royce Lane Vail which asserts that the real property at 3823 Yanceyville Street has a fair market value of at least $75,000.00, that there are no secured creditors with liens superior to the judgment lien of Royce Lane Vail and that the value of Debtor's remainder interest in the real property is not less than $43,479.31. Mr. Vail objected to the Debtor's claim of a $10,000.00 exemption in the property and prayed that the court conduct a hearing in order to determine the value and allowed exemption in Debtor's interest in the real property. In addition to challenging Debtor's valuation of his remainder interest in the real property, Vail also challenged whether Debtor resided at 3823 Yanceyville Street when this case was filed.

4. The Yanceyville Street property was conveyed to the Debtor on August 3, 1987, by State Street Partners, Inc.

5. On or about December 11, 1987, a life estate in the Yanceyville Street property was conveyed to the Debtor's parents, Willard C. Cain and Delta B. Cain.

6. The Debtor's father, Willard C. Cain, died prior to the filing of this case. However, the Debtor's mother, Delta B. Cain, was living when this case was filed and resides at 3823 Yanceyville Street. Delta B. Cain was 74 years of age when this case was filed and will be 75 years of age in May of 1998.

7. The property at 3823 Yanceyville Street consists of a house and lot and had a fair market value of $75,000.00 when this case was filed.

8. When this case was filed, Delta B. Cain owned a life estate in the Yanceyville Street property and the Debtor's interest in the property consisted of a remainder in fee simple, i.e., the Debtor owned the

property in fee simple subject to the life estate held by Delta B. Cain.

## ANALYSIS

### A. Procedural Matters.

Pursuant to Bankruptcy Rule 4003(b) the trustee or any creditor may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors held pursuant to Rule 2003(a), or the filing of any amendment to the list of property or supplemental schedules unless, within such period, further time is granted by the court. The meeting of creditors in the present case was held on February 9, 1998 and no amendment to the list of property or supplemental schedules have been filed. Since the objection was filed on February 17, 1998, such objection was timely.

■ Bankruptcy Rule 4003(c) directs that the court determine the issues presented by the objections after hearing on notice. At such hearing the burden of proving that the exemptions are not properly claimed is on the objecting party. If the objecting party fails to carry the burden of proof, the exemptions as claimed by the debtor may be upheld. *See In re Lester,* 141 B.R. 157 (S.D.Ohio 1991).

The hearing held in this case on March 10, 1998, at which both parties offered evidence, satisfies the requirements of Bankruptcy Rule 4003 and, therefore, the issues raised by the objection are ripe for determination.

### B. Residency Issue.

■ One of the grounds for the objection is that the Debtor does not reside at 3823 Yanceyville Street and therefore the Yanceyville Street property does not qualify as property which may be exempted by the Debtor. Under G.S. § IC–1601(a)(1) a debtor is entitled to retain free of the claims of creditors the debtor's "aggregate interest, not to exceed ten thousand dollars ($10,000) in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence. . . ." One of the requirements under this provision is that the property in which the exemption is claimed must be property which the debtor or a dependent of the debtor uses as a residence. Although the objection raised an issue as to whether the Yanceyville Street property is used as a residence by the Debtor, no evidence was offered on behalf of Mr. Vail regarding that issue. On the other hand, the Debtor testified that in January of 1997, he and his spouse separated and that he moved in with his mother at 3823 Yanceyville Street at that time and has continued to reside there since January of 1997. The Debtor also offered documentary evidence showing that during 1997 his mailing address was the 3823 Yanceyville Street address. Based upon the undisputed evidence offered by the Debtor the court finds that the Debtor has used the Yanceyville Street property as his residence since January of 1997. Accordingly, the objection on behalf of Mr. Vail, to the extent that it is based upon the assertion that the Debtor does not reside at the Yanceyville Street property, is overruled and denied.

■ Even though the Debtor has used the Yanceyville Street property as his residence for the past year, a further issue remains as to whether the Debtor may exempt his interest in the Yanceyville Street property. This question arises from the fact that Debtor's ownership interest in the property is a future interest, i.e., a remainder. Because North Carolina has opted out of the exemptions provided for in § 522(d) of the Bankruptcy Code, the exemptions which are available for bankruptcy debtors in North Carolina depend upon law of North Carolina. *See Dominion Bank of Cumberlands, NA v. Nuckolls,* 780 F.2d 408 (4th Cir.1985); *Zimmerman v. Morgan,* 689 F.2d 471 (4th Cir.1982). Therefore, in matters involving exemptions this court must apply the law of North Carolina as declared by the Supreme Court of North Carolina, the State's highest court. *Erie Railroad Co. v. Tomp-*

*kins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Guaranty Trust Co. v. York,* 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945). If there are no decisions by the highest court of a state then a federal court must apply what it finds to be the state law after giving "proper regard" to relevant rulings of other courts of the state. *Commissioner v. Estate of Bosch,* 387 U.S. 456, 87 S.Ct. 1776, 18 L.Ed.2d 886 (1967). In the absence of state court authority a federal court sitting in North Carolina must apply the law as it appears the North Carolina Supreme Court would rule. *Erie Railroad Co. v. Tompkins, supra; Brendle v. General Tire & Rubber Co.,* 505 F.2d 243, 245 (4th Cir.1974). This involves the federal court choosing the rule that it believes that the state court is likely to adopt in the future. The North Carolina courts apparently have not addressed the issue of whether a remainderman may claim a homestead exemption in property which is subject to the rights of a life tenant where the remainderman is residing on the property.[1] Deciding whether the Debtor may exempt the Yanceyville Street property involves the construction and application of G.S. § 1C–1601(a)(1), the statutory provision creating the current homestead exemption in North Carolina. In applying this statute, this court should adopt the interpretation of G.S. § 1C–1601(a)(1) which it appears would be adopted by the Supreme Court of North Carolina when confronted with the issue now before this court. The North Carolina Supreme Court has adopted the general rule that the exemption laws should be liberally construed in favor of the exemption. For example, in *Elmwood v. Elmwood,* 295 N.C. 168, 185, 244 S.E.2d 668 (1978), the Supreme Court reiterated

an earlier ruling by the court that "exemptions, being remedial in their nature ... should always receive a liberal construction so as to embrace all persons coming fairly within the statute." It is also a rule in North Carolina that "provisions which restrict a debtor's access to his exemptions should be construed narrowly" and debtors should be allowed a great deal of flexibility in claiming and maintaining their exemptions. *See Household Finance Corp. v. Ellis,* 107 N.C.App. 262, 266, 419 S.E.2d 592 (1992), citing *Commissioner of Banks v. Yelverton,* 204 N.C. 441, 168 S.E. 505 (1933). Based upon the rules of construction which have been embraced by the Supreme Court of North Carolina and the wording contained in G.S. § 1C–1601(a)(1), the court concludes that the Supreme Court likely would construe the statute in such a manner as to permit the exemption claimed by the Debtor in the present case. There is nothing in the statute which explicitly precludes the exemption claimed by the Debtor. Under the wording of the statute the Debtor must own *an interest* in the real or personal property in which the exemption is claimed. There is no limitation or restriction in the statute regarding the nature or extent of the interest which must be owned. Notably, unlike the statutes in some states, the North Carolina statute does not require that the debtor "own the property" in the sense of being the sole owner of a fee simple interest subject to no other tenancies or ownership interests. In the present case the Debtor's ownership of a remainder in fee simple satisfies this facet of the statute. The next requirement under the statute is that the real or personal property in which the debtor owns an interest must be used as a residence by the debtor or a dependent of

---

1. The cases from other jurisdictions which have addressed the issue are split. *See, e.g., Denzer v. Prendergast,* 267 Minn. 212, 126 N.W.2d 440 (1964) (holding that owner of remainder in fee, subject to life estate of his mother, was entitled to homestead exemption where he was in possession of house living with his mother); *but see Aetna Ins. Co. v. LaGasse,* 223 So.2d 727 (Fla.1969) (holding

that judgment debtor who had a remainder interest in property which was subject to her mother's life estate, did not acquire a possessory right sufficient to support a homestead exemption by living on the property with her mother). The outcome of these cases usually has turned on the particular language of the state statute or constitutional provision creating the homestead exemption.

the debtor. This is the only requirement under the statute which is related to possession of the property and the only possessory interest required is that either the debtor or a dependent of the debtor use the property as a residence. There is nothing in the statutory language which requires that the debtor's use of the property be a matter of right based upon the debtor being the sole owner of a fee simple absolute title to the property. The Debtor in this case also satisfies this requirement because he has used the property as his residence continuously since January of 1997. The final requirement is that the interest which may be exempted may not exceed $10,000.00 in value. Since the court has found that the value of Debtor's remainder interest does not exceed $10,-000.00, Debtor likewise has satisfied this requirement. Read in this manner, G.S. § 1C–1601(a)(1) permits the Debtor in the present case to exempt his interest in the Yanceyville Street property. To read the language of G.S. § 1C–1601(a)(1) as not permitting the Debtor to claim an exemption in the Yanceyville Street property would involve a narrow, restrictive interpretation of the statutory language and would be contrary to the rules followed by the North Carolina courts under which the exemption statutes must receive a liberal construction so as to embrace all persons fairly within the exemption statutes. This court rejects a narrow, restrictive reading of the statute in favor of a reading under which Debtor's interest in the Yanceyville Street property qualifies for exemption under G.S. § 1C–1601(a)(1).

C. Valuation Issue.

■ Property claimed as exempt should be valued as of the date the petition was filed, unless it came into the estate on a later date. *See In re Hall,* 1 F.3d 853 (9th Cir.1993); *In re Rappaport,* 19 B.R.

971 (Bankr.E.D.Pa.1982). In the present case, the Debtor owned his remainder interest in the Yanceyville Street property when this case was filed. Accordingly, the Debtor's interest in the property must be valued as of January 9, 1998, the date on which this case was filed.

It is undisputed that the Debtor's mother has a life estate in the Yanceyville Street property and that the Debtor's interest in the property is a remainder interest. This remainder interest is the property interest which the Debtor seeks to exempt and therefore is the interest which must be valued. The issue, therefore, is the fair market value of Debtor's remainder interest in the Yanceyville Street property as of January 9, 1998.

■ Although the parties are in sharp disagreement as to the value of the Debtor's interest in the property, they agree that the fair market value of the house and lot located at 3823 Yanceyville Street is $75,000.00 for purposes of the matter now before the court. Mr. Vail contends that the Debtor's remainder interest has a value of $36,613.65.[2] This figure was arrived at by determining the life expectancy of Debtor's mother pursuant to the mortuary table contained in G.S. § 8–46 (12.3 years) and then computing the present cash value of the life estate of the Debtor's mother pursuant to G.S. § 8–47. Mr. Vail arrived at his valuation of Debtor's interest by then subtracting the present cash value of the mother's life estate from $75,000.00, leaving $36,613.65 as being the portion of the $75,000.00 which would be paid to the Debtor and hence the value of Debtor's interest in the property. As pointed out by the Debtor, the mortuary table is *some* evidence of life expectancy which is to be considered with other evidence as to the health, constitution and habits of the person or decedent in question.[3] Debtor argues that his testi-

---

2. This figure differs from the $43,479.31 figure contained in the objection. The difference is the result of using the latest version of the mortuary table in computing the revised figure of $36,613.65.

3. *See Waggoner v. Waggoner,* 246 N.C. 210, 97 S.E.2d 887 (1957); *Starnes v. Tyson,* 226 N.C. 395, 38 S.E.2d 211 (1946).

mony suggested a longer life expectancy for his mother than indicated in the mortuary table which would substantially decrease the value of his remainder interest. Quite apart from the limited effect of the mortuary table, Mr. Vail's approach to valuation is faulty. His approach involves postulating a sale of both the life estate and remainder interest in the property for a total of $75,000.00 leaving only the issue of how to divide up the hypothetical cash proceeds. Such a postulation is not valid or justified in the present case. The only interest which came into the estate and which may be exempted is the Debtor's remainder interest. Hence, the only interest which may be reduced to cash in the context of this bankruptcy case is the Debtor's interest. In short, in the context of this bankruptcy case in which the Debtor owns only a remainder interest, it is not realistic to attempt to value Debtor's interest by dividing up hypothetical proceeds from a disposition which assumes the sale of both the interest of the Debtor as well as the interest of a non-debtor life tenant who has not consented to a sale of her interest. The issue presented is the fair market value of the Debtor's remainder interest. Any person or entity who purchased that interest would acquire the interest subject to the life estate of a life tenant with a life expectancy of some twelve years. As pointed out at the hearing, the price which would be paid for such an interest is significantly less than what a purchaser would pay if the property were sold without being subject to the life estate. Because of these limitations, Mr. Vail's approach to valuing the remainder interest of the Debtor is unconvincing. Based upon the testimony of the Debtor, the only other evidence regarding the value of the remainder interest, the court finds that the Debtor's interest in the Yanceyville Street property does not exceed $10,000.00 in value. Debtor, therefore, is entitled to exempt his entire interest in the Yanceyville Street property.

### D. Waiver Issue.

In May of 1997 Mr. Vail attempted to collect on the judgment against the Debtor pursuant to procedures available under state law. In response to these collection efforts the Debtor filed in the state court a motion to claim exempt property. The Debtor did not claim the Yanceyville Street as exempt property in his motion. Based upon this failure to claim the Yanceyville Street property as exempt in the motion in May of 1997, Mr. Vail argues that such failure "amounts to a waiver of any exemption in that real property under state law *and* therefore a waiver of any exemption in that real property in his bankruptcy action." *In re Laughinghouse*, 44 B.R. 789 (Bankr.E.D.N.C. 1984), *U.S. v. Scott*, 45 B.R. 318 (M.D.N.C. 1984), and the other cases relied upon in support of this argument were all decided prior to the decision of the North Carolina Court of Appeals in *Household Finance Corp. v. Ellis*, 107 N.C.App. 262, 419 S.E.2d 592 (1992). In the *Ellis* case, the North Carolina Court of Appeals held that the waiver which occurs when a debtor fails to claim property as exempt is not permanent. The court ruled that each time an execution is issued, a new notice to designate exemptions must be served on the debtor and each time this occurs the judgment debtor may claim property as exempt without regard to whether such property was earlier claimed as exempt. In so holding, the Court of Appeals stated:

Given this policy of flexibility demonstrated by the statute itself and the case law, we conclude that the legislature did not intend to limit a debtor's ability to claim exemptions as plaintiff contends. Requiring a debtor to forever waive his rights for failure to respond to a single notice contradicts the spirit of the entire statutory section on exemptions and applicable case law.

*Id.* at 267, 419 S.E.2d 592. After giving proper regard to the decision in the *Ellis* case, the Bankruptcy Court for the Eastern District of North Carolina in *In re*

819

*Pinner,* 146 B.R. 659 (Bankr.E.D.N.C. 1992), reappraised and revised its earlier rulings in *In re Laughinghouse,* 44 B.R. 789 (Bankr.E.D.N.C.1984), and *In re McLamb,* 93 B.R. 72 (Bankr.E.D.N.C. 1988), concluding that state law had changed since those decisions were handed down. In holding that the debtors' prepetition failure to claim property as exempt did not constitute a permanent waiver of their right to do so and did not bar the debtors from claiming such property as exempt in their subsequent bankruptcy case, the court stated:

> Applying *Ellis* to these facts, the court concludes that the debtors' initial waivers of exemptions have no present effect. Accordingly, the debtors have properly been given a new opportunity to claim this property as exempt in this court. They have availed themselves of this opportunity, and are entitled to avoid ECB's judicial lien under § 522(f)(1) of the Bankruptcy Code.

*Id.* at 660. Under current state law, the Debtor in this case has not waived the right to claim an exemption in the Yanceyville Street property as a result of his failure to claim such an exemption in May of 1997 and therefore is not barred by waiver from doing so in this bankruptcy case.

## CONCLUSION

For the reasons stated in this memorandum opinion, an order will be entered contemporaneously herewith overruling the objection to Debtor's Claim for Property Exemptions and approving Debtor's exemption of his entire interest in the property located at 3823 Yanceyville Street, Greensboro, North Carolina. Also, the Debtor's pending motion to avoid the judicial lien of Mr. Vail pursuant to § 522(f)(1), which also was heard on March 10, 1998, will be granted.