**In re R. Scott LAING, Debtor.**

**Bankruptcy No. 99–32837–BKC–SHF.**

United States Bankruptcy Court, S.D. Florida, West Palm Beach Division.

Dec. 8, 1999.

Chad P. Pugatch, Ft. Lauderdale, FL, for debtor.

Patricia Dzikowski, Lauderhill, FL, Trustee.

### ORDER DENYING CREDITORS' OBJECTION TO EXEMPTION

STEVEN H. FRIEDMAN, Bankruptcy Judge.

THIS MATTER came on for hearing on November 8, 1999, on the Objection to Exemption filed by Creditors Roy W. Jordan, Jr. and Karen K. Jordan. The Creditors object to the Debtor's claimed homestead exemption in property located at 1715 Mango Circle in West Palm Beach, Florida (the "Mango Property"). The Objection alleges that the Debtor owed the Creditors a preexisting debt at the time he acquired the Mango Property, and makes an obscure reference to a fraudulent asset conversion in connection with that acquisition. The Creditors failed, however, to present any evidence supporting this allegation. Instead, the Creditors rely on the allegation that the Debtor subsequently abandoned the Mango Property in 1995, when he purchased property at 1963 Bell Lane, West Palm Beach, Florida (the "Bell Lane Property"). The Creditors contend that the Debtor purchased the Bell Lane Property in his girlfriend's name for the purpose of defrauding creditors. The Objection further alleges that the Debtor resided at the Bell Lane Property with his girlfriend, Maria Cline, from 1995 to late 1998 or early 1999, while renting the Mango Property to tenants. For the reasons set forth herein, the Creditors' Objection is overruled.

Under FED.R.BANKR.P. 4003(c), the party objecting to a claimed exemption bears the burden of proving lack of entitlement. In Florida, this burden is particu-

larly onerous when the party is objecting to a homestead exemption. *See In re Pettit*, 231 B.R. 101, 102 (Bankr.M.D.Fla.1999) (holding the homestead exemption carries a presumption of validity and should be liberally construed in favor of finding entitlement). The Creditors in the instant case rely on two alternative theories to prove the Debtor's lack of entitlement to the claimed exemption: fraudulent acquisition of the Bell Lane Property and abandonment of the Mango Property. The first of these theories raises no issue with regard to the Debtor's entitlement to a homestead exemption in the Mango Property.[1] The evidence presented at hearing with regard to the allegedly fraudulent acquisition of the Bell Lane Property might more appropriately have been offered in support of a claim under 11 U.S.C. § 548 (1998). Within the context of the instant Objection, this evidence, at best, might raise an issue with regard to the Debtor's intent to abandon the Mango Property.

■ Under Florida law, proof of abandonment of homestead requires a strong showing of the debtor's intent not to return to the property. *See In re Herr*, 197 B.R. 939, 941 (Bankr.S.D.Fla.1996). In *Herr*, a creditor objected to the debtor's claimed homestead exemption in property on which the debtor had not resided for approximately three years. *See id.* at 940. The property was vacant, covered with weeds, and posted with a "For Sale" sign, the debtor's house having been destroyed three years previously by Hurricane Andrew. *See id.* The debtor testified that he had intended to rebuild the house but, being financially unable to do so, had decided to sell the property and to buy a less expensive homestead with the proceeds. *See id.* at 941. The court noted that under Florida law, abandonment is determined

not by a debtor's absence from property but by the debtor's intent. *See id. (citing In re Mackey*, 158 B.R. 509 (Bankr. M.D.Fla.1993)); *see also In re Betancourt*, 154 B.R. 90, 92–93 (Bankr.S.D.Fla.1993) (holding debtor who rented out homestead with intent of visiting relatives in foreign state did not abandon homestead, even though she did not carry out the visit due to Hurricane Andrew and had to lease other property in the same area as her homestead); *M.O. Logue Sod Serv., Inc. v. Logue*, 422 So.2d 71, 72 (Fla. 2d DCA 1982) ("[C]ontinuous uninterrupted physical presence is not required to create homestead."). Noting that the provisions of homestead law "should be carried out in liberal beneficent spirit," the court reasoned that the party attempting to prove abandonment must make a strong showing of the debtor's intent not to return to the homestead. *Herr*, 197 B.R. at 941. The court explained the type of showing required: "If a debtor pronounces his intent to abandon his homestead and moves away intending never to return, that would do it. If a debtor declares other property as homestead, that creates an estoppel against the debtor." *Id.* Since the creditor's showing was not sufficient to prove intent to abandon, the court overruled the objection. *See id.*

■ As in *Herr*, the Creditors in the instant case have failed to prove that the Debtor did not intend to return to the Mango Property. Indeed, the only record evidence on this issue is the testimony of the Creditors' chief witness, Valerie Dorsett, who stated on cross examination that the Debtor moved back into his home at the Mango Property in February 1999, four months before the petition date. Because the Creditors have failed to meet the burden of proof established by FED.

---

1. A fraudulent asset conversion, for which a creditor may obtain relief under Fla.Stat. § 222.30, occurs when a debtor's conversion of an asset results in its proceeds becoming exempt. In the instant case, any assets that the Debtor allegedly converted in connection with Maria Cline's acquisition of the Bell Lane Property did not result in proceeds of those assets becoming exempt because the Debtor is not claiming an exemption in the Bell Lane Property.

R.Bankr.P. 4003(c), the Objection to Exemption is overruled. The instant decision is not inconsistent with the Court's previous decision in *In re Bratty*, 202 B.R. 1008, 1010 (Bankr.S.D.Fla.1996) (holding debtor abandoned homestead where he acquired condominium as a vacation home and used it primarily for that purpose over twelve-year period, leasing it out to tenants much of that time). For the foregoing reasons, it is hereby

ORDERED that the Creditors' Objection to Exemption is overruled.