**In re Janice Prescott FOSTER, Debtor.**

#### No. 06–00276–8–JRL.

United States Bankruptcy Court,
E.D. North Carolina,
New Bern Division.

Aug. 15, 2006.

Edwin M. Hardy, Washington, NC, for Debtor.

*ORDER*

J. RICH LEONARD, Bankruptcy Judge.

This matter is before the court on the trustee's objection to debtor's claimed exemption. On August 1, 2006, the court conducted a hearing in New Bern, North Carolina.

The debtor listed on her bankruptcy petition an interest in a house on a half-acre lot in Belhaven, North Carolina. She claimed an exemption in the real property, although she admits that the property has not been used as a residence since 1999. The Chapter 7 trustee objects to the claimed exemption on the basis that N.C.G. S. § 1C–1601(a)(1) only allows the debtor to claim a homestead exemption in real property that is used as a residence.

The debtor testified that after sustaining severe damage from a series of hurricanes in 1999, her residence was rendered uninhabitable. As she maintained no insurance on the property, funds were not available to make necessary repairs and the debtor was forced to move out. She did not, however, remove all her personal property and the house still contains her effects. Although she currently resides in her camper, the debtor continues to pay her property taxes and intends to move back into her home. She asserts that with her son's financial assistance, she will hire a contractor to raise the house off the ground and put it back on its foundation. Until that time, she must remain in the camper because of the condition of her home.

Under N.C.G.S. § 1 C–1601(a)(1), individual residents of the state, who are debtors, are "entitled to retain free of the enforcement of the claims of creditors" their aggregate interest in real property or personal property that the debtors or "a dependent of the debtor uses

as a residence."[1] This provision, known as the "homestead exemption," is conditioned on the debtor's "continued ownership" of the property and its "continued use as a residence." *In re Love,* 42 B.R. 317, 318 (Bankr.E.D.N.C.1984). If either of these conditions are not satisfied, the debtor may not claim a homestead exemption in real property. *Id.* at 319.

■ The debtor in this case did not voluntarily abandon her residence but was forced to vacate her damaged home after a violent hurricane season in 1999. The North Carolina Supreme Court has not ruled on whether an involuntary absence from real property precludes a debtor from claiming a homestead exemption in that property. "In the absence of state court authority," the court must "apply the law as it appears the North Carolina Supreme Court would rule." *In re Cain,* 235 B.R. 812, 816 (Bankr.M.D.N.C.1998).

■ The general rule adopted by North Carolina courts is that "the exemption laws should be liberally construed in favor of the exemption." *Id.* (citing *Elmwood v. Elmwood,* 295 N.C. 168, 185, 244 S.E.2d 668 (1978)). The North Carolina Supreme Court, in determining whether an individual is a resident of the state for exemption purposes, has found that the debtor's intent is an important factor in the residency analysis. *See Jones v. Allsbrook,* 115 N.C. 46, 52, 20 S.E. 170 (1894)(interpreting Article X of the North Carolina Constitution). A mere declared intention to return to the state is not suffi-cient to establish residency. *Lee v. Moseley,* 101 N.C. 311, 316, 7 S.E. 874 (1888); *First Union Nat. Bank v. Rolfe,* 90 N.C.App. 85, 88, 367 S.E.2d 367 (N.C.App. 1988).

Although there is no question in this case that the debtor is a resident of the state for the purposes of N.C.G.S. § 1C–1601(a)(1),[2] the Court's residency analysis is useful in the determination of whether property is used as a residence. The debtor stated repeatedly at the hearing that she intends to move back into her home. While her declared intention is not sufficient to establish that the property will be used as her residence in the future, the debtor also testified that she pays property taxes, stores her personalty in the house, and lives in temporary housing in the form of a camper. The circumstances of her case support a finding that she intends to reside in the house as soon as she can afford to make repairs.

■ The facts of this case are analogous to a case decided by the bankruptcy court in the Southern District of Florida. *See In re Herr,* 197 B.R. 939, 940 (Bankr. S.D.Fla.1996). The debtor in *In re Herr* claimed an exemption in his real property in Miami, Florida.[3] He had lived on the property for almost thirty-five years until Hurricane Andrew destroyed his house in 1992. *Id.* The debtor subsequently moved in with a friend and some time after the hurricane, the City of Miami demolished the remnants of his home. Although the

---

1. The debtor's aggregate interest must not exceed $18,500 in value. *See* N.C.G. S. § 1C–1601(a)(1) (2006).

2. Under 11 U.S.C. § 522(a)(3)(A), the debtor may claim an exemption under North Carolina law, if the debtor has been domiciled in the state for "730 days immediately preceding the date of the filing of the petition."

3. Under Florida law, individual residents may claim an exemption in their homestead if the individual or the individual's family resides on the property. *See* Fla. Const. Art. X, § 4 (2006).

debtor's property was a vacant lot, the court allowed the debtor's claimed homestead exemption. *Id.* at 942. The debtor testified that he was financially unable to make immediate repairs to his home after the hurricane but argued that his absence should not be determinative of whether his homestead was abandoned. *Id.* at 941. The court agreed, finding that the debtor's intent was the "critical factor." *Id.*

■ This court also finds that the debtor's intent must be the focus in determining whether an involuntary absence constitutes abandonment for the purposes of N.C.G.S. § 1C–1601(a)(1). A narrow interpretation of the statute would be contrary to the North Carolina Supreme Court's prior decisions regarding state law exemptions. A liberal construction is consistent with the Court's efforts "to embrace all persons fairly within the exemptions statutes." *In re Cain,* 235 B.R. at 817.

■ Based on the foregoing, the court finds that the debtor intends to use her real property as a residence as soon as repairs are practicable. As the debtor has satisfied both conditions set forth in the provision, her claimed exemption in real property is allowed pursuant to N.C.G.S. § 1C–1601(a)(1). Accordingly, the trustee's objection is overruled.