982 So.2d 24 (2008)
Evaristo BELTRAN and Grisel Beltran, Appellants,
v.
Stuart R. KALB, and Sunset Home Partners, Inc., Appellees.
No. 3D07-1843.
District Court of Appeal of Florida, Third District.
April 2, 2008.
Rehearing Denied June 11, 2008.
Gina Olliver-Tyler, for appellants.
Mark Evans Kass; Michael I. Rose, Miami, for appellees.
Before GREEN, RAMIREZ, and CORTIÑAS, JJ.
PER CURIAM.
We reverse the order denying the Beltrans' motion to set aside/vacate sale of property and motion to reopen/continue the case.
In January 1990, Evaristo and Carmen Beltran's marriage was dissolved. Carmen retained exclusive possession of the marital home, the parties' homestead, at 3091 N.W. 97 Street, pursuant to the marital settlement agreement incorporated into the dissolution judgment. The dissolution judgment was recorded. Evaristo did not deed the house to Carmen. Carmen continued to live in the house with the parties' daughter, Grisel.
In May 1990, Top All Roofing & Building Products, Inc., obtained a final judgment for $10,502.83 against Evaristo to recover for a debt owed by Evaristo's roofing company. The judgment was recorded in June. The lien on the judgment was re-recorded in January 2007.
In February 2007, Carmen passed away. She had lived in the house until her death. The daughter resides there still.
In March 2007, a Sheriff's Levy was recorded on the property. Evaristo did not receive (actual or written) notice of the saleit was noticed solely by publication. On April 7, Evaristo quit-claim deeded the property to Grisel. In May, Sunset Home Partners Inc., purchased the home at sherrif's sale for $36,000.
On June 8, Evaristo filed an emergency Motion to Set Aside/Vacate Sale. At the June hearing, counsel asked for a continuance to bring in Evaristo as a witness and requested permission to amend the motion. The court denied both requests. In July, a Motion to Reopen and Continue, and *26 Notice of Appearance for Grisel were filed. The court denied the motions without hearing. Evaristo and Grisel appeal.
We reverse the orders, concluding that the court erred in denying the appellants' various motions. Evaristo Beltran was not given notice of the sale or of the proceedings against the house. In view of this oversight, denial of the motion to set aside the sale denied him due process. See Quay Dev., Inc. v. Elegante Bldg. Corp., 392 So.2d 901 (Fla.1981). Furthermore, the trial court denied the appellants due process when it summarily denied the motions without giving them a reasonable opportunity to be heard on the homestead and other defenses raised before entering the denials. See Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972)(holding that procedural due process guarantees right to be heard in a meaningful manner); McDaniel v. McElvy, 91 Fla. 770, 108 So. 820 (1926)(same); Hinton v. Gold, 813 So.2d 1057 (Fla. 4th DCA 2002)(same); Chuck v. City of Homestead Police Dept., 888 So.2d 736 (Fla. 3d DCA 2004)(same). See also Coy v. Mango Bay Prop. & Invs., Inc., 963 So.2d 873, 878 (Fla. 4th DCA 2007)("court's refusal to decide the homestead issue is reversible error"). On the record before us, we must conclude that the trial court should hold a full hearing on these issues.
Reversed and remanded.