NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ROBERT MILLARD HAYES and LINDA )
WEBSTER HAYES, husband and wife, )
)
     Appellants, )
)
v. )     Case No. 2D15-1838
)
NORMAN HARRIS SERVICES, INC.; )
GORDON CUTHBERTSON; and )
ENVIROGREEN LANDSCAPE )
MAINTENANCE, INC., a Florida )
corporation, )
)
     Appellees. )
_____ )

Opinion filed January 29, 2016.

Appeal pursuant to Fla. R. App. P. 9.130
from the Circuit Court for Polk County;
Keith P. Spoto, Judge.

Peter W. Van Den Boom and Lydia S.
Zbrzeznj of Frost Van Den Boom, P.A.,
Bartow, for Appellants.

Raymond J. Rotella and Richard D.
Sierra of Kosto & Rotella, P.A., Orlando,
for Appellee Norman Harris Services, Inc.

No appearance for remaining Appellees.

SILBERMAN, Judge.

     Robert and Linda Hayes seek review of the order denying their motion to

vacate consent judgment and emergency motion to stay writ of execution and vacate

levy. We affirm the denial of the motion to vacate consent judgment without comment. We reverse the denial of the emergency motion to stay writ of execution and vacate levy and remand for the court to consider the Hayes' homestead objection.

The trial court entered a final judgment of foreclosure against the Hayes and in favor of Norman Harris Services, Inc., in January 2009. The property was sold at a foreclosure sale, and Norman Harris was the successful bidder. In May 2010, the Hayes entered into an amended settlement agreement with Norman Harris which would allow the Hayes to buy back the property. The Hayes were required to pay Norman Harris $201,000 on or before May 14, 2010, and they were to pay the first mortgage owed to another party and property taxes. Upon payment, Norman Harris would execute a quitclaim deed and the Hayes would mortgage the property to Norman Harris to secure additional amounts owed to him.

The Hayes did not make the $201,000 payment, and Norman Harris obtained a consent money judgment as provided in the terms of the agreement. In September 2014, Norman Harris began taking depositions in aid of execution of the consent judgment. In December 2014, the Hayes filed two motions for protective order in which they purportedly[1] asserted that there could be no forced sale of the Hayes' personal residence (not the property foreclosed upon initially) because it was their protected homestead. Norman Harris obtained a writ of execution and a notice of sheriff's levy listing the Hayes' personal residence and vehicle. A notice of sheriff's sale subsequently issued.

---

[1]These motions are not in the appendices filed in this court by the parties.

The Hayes filed a motion to vacate consent judgment and an emergency motion to stay writ of execution and vacate levy as to the personal residence. In the emergency motion to stay, the Hayes claimed that the personal residence should not be levied upon because, among other things, the court had not yet considered their "Motions for Protective Order, wherein, they argued Homestead Protection may apply to their current residence."

The court held a hearing on the motions at which it rejected the Hayes' arguments in support of the motion to vacate consent judgment. Counsel for the Hayes then asked if the emergency motion to stay was also denied. The court asked counsel whether there were reasons to stay execution separate and apart from those argued in support of the motion to vacate consent judgment. Counsel answered in the affirmative, and the court went off the record to read the motion to stay.

When the court went back on the record, it ruled that it would not hear further argument because the emergency motion to stay "goes part and parcel with the" motion to vacate consent judgment. Counsel for the Hayes did not object further except to say his clients may want to appeal. The court rendered an order denying the motions on April 28, 2015.

The Hayes filed a timely motion for rehearing and/or clarification in which they questioned whether the court ruled on their homestead argument and asserted they were entitled to be heard on it. The court entered an order summarily denying the motion, and this appeal followed.

On appeal, the Hayes raise the same argument they raised in their motion for rehearing. Norman Harris argues that the Hayes waived this issue by raising it for

the first time in their motion for rehearing. We do not agree. The homestead objection was raised in the emergency motion to stay and was therefore before the court at the time of the hearing. At the hearing, counsel for the Hayes told the court that he had argument pertaining to the emergency motion to stay that did not pertain to the issues in the motion to vacate consent judgment. Nevertheless, the court read the emergency motion to stay and erroneously determined that it did not contain any separate argument. While counsel for the Hayes could have done a better job of informing the court that a separate homestead objection remained, counsel clearly did so in a timely motion for rehearing.

On the merits, it was a denial of due process for the trial court to refuse to hear argument that the property was protected from forced sale by the homestead exemption. See Beltran v. Kalb, 982 So. 2d 24, 26 (Fla. 3d DCA 2008) (holding that it was error to deny a party the right to be heard on the homestead defense raised in his motion to set aside/vacate a sheriff's sale); Coy v. Mango Bay Prop. & Invs., Inc., 963 So. 2d 873, 878 (Fla. 4th DCA 2007) (holding that it was reversible error to deny a motion to prohibit a judicial sale without holding a hearing on a homestead objection).

We therefore affirm the denial of the motion to vacate consent judgment and reverse the denial of the emergency motion to stay writ of execution and vacate levy. We remand for the court to consider the Hayes' homestead objection.

Affirmed in part, reversed in part, and remanded.


SLEET and LUCAS, JJ., Concur.


- 4 -