# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2024-0979
LT Case No. 2023-CP-001499

_____

LAUTH INVESTIGATIONS
INTERNATIONAL, INC., as Owner
and Holder of an Assignment of
the Interest of Angie Kincaid
and William Chesteen, Intestate
Beneficiaries of the Estate of
Joan Welch Rowan,

    Appellant,

    v.

BONNIE MAE GOFORTH,

    Appellee.

_____

On appeal from the Circuit Court for Seminole County.
John D. Galluzzo, Judge.

Justin T. Moonray, of Moonray Law, PLLC, Brandon, for
Appellant Lauth Investigations International, Inc.

No Appearance for Appellee.

December 13, 2024

KILBANE, J.

    Lauth Investigations International, Inc. ("Appellant"),
appeals a final order denying homestead status for the former

personal residence of Joan Welch Rowan ("Decedent").[1] Appellant asserts the lower court erred in finding Decedent abandoned her property when she relocated to a nursing and rehabilitation facility. Because material facts were in dispute and the court failed to hold an evidentiary hearing, we reverse.

Decedent died at West Altamonte Nursing and Rehabilitation Center, which was listed as her residence on her death certificate. Subsequently, her sister filed a petition for administration of the estate[2] and a separate petition to determine the homestead status of Decedent's personal residence in Sanford, Florida. Without a hearing, the court denied the homestead petition because Decedent did not reside at the Sanford property upon her death. Appellant timely appealed.

Article X, section 4, of the Florida Constitution provides homestead protection for "the residence of [Florida homeowners] or the owner's family." Once homestead is established, "it can be waived only by abandonment or by alienation in the manner provided by law." *Carbonell v. Glade*, 394 So. 3d 679, (Fla. 3d DCA 2024) (quoting *Fid. & Cas. Co. of N.Y. v. Magwood*, 145 So. 67, 68 (Fla. 1932)). Whether a homestead has been abandoned is determined on a case-by-case basis and "is necessarily a fact-intensive inquiry." *Yost-Rudge v. A to Z Props., Inc.*, 263 So. 3d 95, 97–98 (Fla. 4th DCA 2019) (citing *Beensen v. Burgess*, 218 So. 2d 517, 519 (Fla. 4th DCA 1969)). "[A] finding of abandonment requires a 'strong showing' of intent not to return to the homestead." *Id.* at 97 (citing *In re Herr*, 197 B.R. 939, 941 (Bankr. S.D. Fla. 1996)).

Here, the record is insufficient to determine whether Decedent intended to abandon her property or involuntarily ceased

---

[1] Decedent's great niece and nephew assigned their interest in the estate to Appellant.

[2] After Decedent's sister filed an amended petition for administration of the estate, the other intestate beneficiaries formally joined, waived hearing and notice of hearing, and consented to entry of an order granting relief requested in the amended petition.

to reside on it.  *See id.* at 97–98 ("Florida courts have consistently held that a property is not abandoned for the purposes of homestead protection when the owner involuntarily ceases to reside on the property." (citing *In re Est. of Melisi*, 440 So. 2d 584, 585 (Fla. 4th DCA 1983))).  Because the court failed to hold an evidentiary hearing on the homestead petition,[3] we reverse and remand for further proceedings.  *See Carbonell*, 394 So. 3d at 683 (reversing and remanding to determine the validity of a homestead claim denied without an evidentiary hearing); *see also Yost-Rudge*, 263 So. 3d at 99 (reversing summary judgment where homestead abandonment, an issue of material fact, was in dispute); *Hayes v. Norman Harris Servs., Inc.*, 198 So. 3d 716, 718 (Fla. 2d DCA 2016) ("[I]t was a denial of due process for the trial court to refuse to hear argument that the property was protected from forced sale by the homestead exemption." (citing *Beltran v. Kalb*, 982 So. 2d 24, 26 (Fla. 3d DCA 2008); *Coy v. Mango Bay Prop. and Invs., Inc.*, 963 So. 2d 873, 878 (Fla. 4th DCA 2007))).

REVERSED and REMANDED.

LAMBERT and PRATT, JJ., concur.

---

[3] The order denying homestead status stated all interested persons had proper notice of hearing or waived such notice. However, the intestate beneficiaries only waived notice and hearing regarding the amended petition for administration of the estate, which did not request a determination of homestead status. The homestead petition contained no waiver of notice or hearing.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____